710 P.2d 633
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Harold William RUSSELL, Defendant-Appellant.**

**No. 16014.**

Court of Appeals of Idaho.

Nov. 26, 1985.

Robert Jerry Van Idour, Lewiston, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Soli. General; A. René Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Harold Russell pled guilty to one count of first degree burglary and to one count of grand theft. He received two concurrent, fixed ten-year sentences with credit for 214 days previously served. Later he filed a motion under I.C.R. 35, seeking to have the sentences reduced. The district court denied the motion without a hearing, and Russell appeals. We affirm the order.

It is well established that a motion to reduce a legally imposed sentence is addressed to the sound discretion of the district court. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). Such a motion essentially is a plea for leniency which may be granted if the sentence originally imposed was, for any reason, unduly severe. *State v. Sutton,* 106 Idaho 403, 679 P.2d 680 (Ct.App.1984). The question presented by appeal from the denial of a Rule 35 motion is whether facts presented in connection with the motion, when viewed in the context of information already in the record,[1] show that discretion was abused in failing to grant the leniency requested. *State v. Sutton, supra.*

Russell could have been sentenced to fifteen years for the first degree burglary charge, I.C. § 18–1403, and to fourteen years for the grand theft charge under I.C. § 18–2408. Therefore, his sentences of ten years on each count were within the maximum allowable by statute. It is discretionary with the sentencing court whether to make the sentence fixed or indeterminate. I.C. §§ 19–2513 and 2513A. A sentence which is within the allowable maximum will not be disturbed unless a clear abuse of discretion is shown. *State v. Beltran,* 109 Idaho 196, 706 P.2d 85 (Ct.App.1985); *State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). In *Toohill,* we explained that a term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of

---

1. On appeal, Russell has not provided a transcript of the sentencing hearing, so we have no record of the district court's commentary at sentencing. It is an appellant's duty to furnish such a record. *See State v. Rundle,* 107 Idaho 936, 694 P.2d 400 (Ct.App.1984).

deterrence, rehabilitation and retribution. These criteria also govern rulings on motions to reduce sentences under Rule 35. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984).

The crimes occurred when Russell entered two businesses in Kamiah, Idaho, and stole money and other items. The thefts occurred at night and no one was injured. A police officer apprehended Russell as he was walking through town with some of the stolen merchandise.

Russell's presentence report indicates that he was approximately twenty-nine years of age at the time of sentencing and had a high school education. Between 1974 and 1983, Russell had been convicted twice in Iowa for breaking and entering, once for assault with intent to commit escape, and once for second degree theft. As a result of these convictions, he had served time in an Iowa penitentiary and in a reformatory. Another charge of second degree burglary in Lewiston was dismissed when Russell agreed to leave Idaho. The presentence report also indicates Russell has received numerous speeding citations. In addition to his criminal record, the presentence report also indicates that Russell has psychological problems which contribute to his antisocial behavior. The report ends with the conclusion that society needs protection from Russell's actions.

Having reviewed all the information available pursuant to Russell's Rule 35 motion, we conclude that the court did not abuse its discretion in determining that Russell made an inadequate showing of cause for leniency. Accordingly, the order denying his Rule 35 motion is affirmed.

BURNETT and SWANSTROM, JJ., concur.