722 P.2d 490

**Harold W. RUSSELL, Petitioner-Appellant,**

v.

**Donald FORTNEY, Sheriff of Lewis County, Respondent.**

No. 15779.

Court of Appeals of Idaho.

May 5, 1986.

Petition for Review Denied
July 14, 1986.

See 111 Idaho 179, 722 P.2d 488.

Burnett, J., dissented and filed separate opinion.

Harold Russell, pro se.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. René Fitzpatrick, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

On March 11, 1984, Russell was arrested and placed in the Lewis County jail. He later pled guilty to burglary and grand theft. On October 4 Russell filed a petition for a writ of habeas corpus alleging that his incarceration at the Lewis County jail violated rights guaranteed by the United States constitution and by the Idaho constitution. On October 11 Russell was sentenced to the custody of the Idaho Board of Correction for a fixed term of ten years. *See State v. Russell,* 109 Idaho 723, 710 P.2d 633 (Ct.App.1985) (order denying motion for reduction of sentence, affirmed). After sentencing, the district court denied Russell's habeas corpus petition. The judge ruled that Russell's confinement was legal and that the issue was moot in light of Russell's transfer to the penitentiary.

Russell has appealed from that order contending that the court erred in ruling that the issues raised by his petition are moot. For the reasons that follow, we affirm.

■ Russell alleges that the conditions under which he was jailed constituted cruel and unusual punishment in contravention of the eighth amendment of the United States constitution and article I, section 6 of the Idaho constitution. On appeal we must accept his factual allegations as true. *Mahaffey v. State,* 87 Idaho 228, 392 P.2d 279 (1964); *Johnson v. State,* 85 Idaho 123, 376 P.2d 704 (1962). However, the conditions complained of ceased when he was moved to the state correctional institution. In general, when the requested relief cannot affect the rights of the petitioner the case is moot and a court will not adjudicate it on the merits. *Spain v. Stewart,* 639 P.2d 166 (Utah 1981). Thus, even though a term of imprisonment was served under unlawful conditions, where the conviction itself is not being attacked (*Id.*) or the former unlawful conditions of confinement carry no collateral legal consequences (*Duran v. Morris,* 635 P.2d 43 (Utah 1981)), the controversy will be considered moot. However, where the unlawful conditions of detention have ended, but there are collateral legal consequences that the former prisoner seeks to avoid, the issues are not moot and should be adjudicated by the courts. *See Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Pinnell v. Cauthron,* 540 F.2d 938 (8th Cir.1976); *Smith v. State,* 94 Idaho 469, 491 P.2d 733 (1971). Russell urges the applicability of yet another recognized exception to the mootness doctrine.

In *Mallery v. Lewis,* 106 Idaho 227, 678 P.2d 19 (1983) six pretrial detainees incarcerated at the Canyon County jail sought habeas corpus relief from unconstitutional conditions alleged to exist. Against the same argument made by the state here the Idaho Supreme Court stated:

Respondents contend petitioners have no standing and that this case is moot because the petitioners are no longer incarcerated in the Canyon County jail.

This case falls into one of the exceptions to the mootness doctrine in that it is a case "capable of repetition, yet evading review." *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Pretrial detainees are held at the Canyon County jail for an average of six to eight months. Absent the applicability of this exception to the mootness doctrine, it is clear that pretrial detainees would not be afforded appellate review. Therefore, we have reached the merits of the case. *Id.* at 234, 678 P.2d at 26. This exception to the mootness doctrine was more thoroughly articulated in a Utah case bearing facts nearly identical to *Mallery*.

Even though plaintiff in this case has moved beyond the pretrial stage, the conditions at the Weber County jail giving rise to constitutional issues remain, and clearly there is a strong public interest in having the legality of the conditions settled. [Citations omitted.]

The principles that determine the justiciability of the instant case are the well-established rules which permit a court to litigate an issue which, although technically moot as to a particular litigant at the time of appeal, is of wide concern, affects the public interest, is likely to recur in a similar manner, and, because of the brief time any one person is affected, would otherwise likely escape judicial review, [citations omitted].

*Wickham v. Fisher*, 629 P.2d 896, 899 (Utah 1981).

This rationale—that a particular type of controversy is typically short-lived, yet contains significant public interest justifying judicial review—was the underlying basis of justiciability in *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) *cited* by the Idaho and Utah Supreme Courts in *Mallery* and *Wickham*. The public interest exception to mootness has also been utilized by Idaho courts in other settings. *Robinson v. Bodily*, 97 Idaho 199, 541 P.2d 623 (1975); *Nelson v. Marshall*, 94 Idaho 726, 497 P.2d 47 (1972); *Dick v. Geist*, 107 Idaho 931, 693 P.2d 1133 (Ct.App.1985).

■ In *Mallery* and *Wickham* the conditions complained of were continuing in nature and affected all pretrial detainees. If the cases were dismissed as moot, the public interest in maintaining a constitutionally sound jail would go unvindicated. This interest is sufficient to allow the expanded use of habeas corpus beyond the traditional remedy of release to cure unlawful conditions of confinement. *Wickham v. Fisher, supra. See Mahaffey v. State, supra.*

In the case at bar, we do not find a sufficient public interest at stake to disregard the mootness doctrine. This case is similar to two Utah cases, decided in the same year as *Wickham,* upholding the dismissal of habeas corpus petitions. *Spain v. Stewart, supra; Duran v. Morris, supra.* The petitioner in *Duran* alleged that his constitutional rights were violated when prison officials placed him in administrative segregation. When the case was appealed, petitioner had been restored to medium security and the case was ruled moot. These cases have in common with the instant case the fact that the petitions alleged constitutional violations unique to the petitioner. Russell complains of official conduct directed specifically toward him that violated his constitutional rights. He does not purport to speak in behalf of any other detainees. For example, he contends that he was not allowed to go outside and exercise like the other prisoners. Russell has not alleged continuing constitutional violations at the jail that will escape judicial review by denial of his petition. Consequently the necessary public interest to exempt this case from the mootness doctrine is lacking.

■ In this proceeding, Russell has not contended that his conviction ought to be set aside or that he ought to be set free from his present confinement with the Board of Correction as a result of the alleged conditions of detention. He has not shown that there are any collateral legal consequences flowing from the former detention. *See e.g., Smith v. State, supra.* Therefore, he has demonstrated no present need to have the issues he has raised judicially determined.

Russell has mentioned in his brief his intention to file an application for post-conviction relief from his conviction, suggesting that the voluntariness of his plea was undermined by the conditions of his detention. This emergent issue is one specifically appropriate for the (Idaho) Uniform Post-Conviction Procedure Act. The Act has been construed "as an expansion of the Writ of Habeas Corpus and not as a denial of the same." *Dionne v. State,* 93 Idaho 235, 237, 459 P.2d 1017, 1019 (1969). The Act provides a remedy, which "comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them." I.C. § 19-4901(b). The factual issues raised by Russell in the present proceedings have not been adjudicated and he is not precluded from having them adjudicated if he seeks relief from his conviction under the Act. We hold only that the habeas corpus remedy he seeks is moot.

McFADDEN, J., concurs.

BURNETT, Judge, dissenting.

The Court's opinion correctly recites long-standing rules governing the mootness doctrine and its public interest exception. *See generally* Annot., 132 A.L.R. 1185 (1941). However, the opinion then misapplies those rules to the facts alleged in the petition before us. Consequently, I dissent.

The majority asserts that the petition complains only about "official conduct directed specifically toward [Russell]," not about jail conditions affecting other detainees as well. I disagree. The handwritten petition, apparently prepared by Russell pro se, alleges that he was detained at the Lewis County jail longer than the period authorized for "Class B" facilities with limited staff, programs and services; that there was no doctor available in Nezperce (the county seat of Lewis County); that the sheriff for three months refused to obtain medical care for the petitioner's claimed illness; that clean and sanitized shaving razors were not provided in the jail; that jail personnel had interfered with attorney communications; that the mail had been delayed; that laundry service was inadequate; and that visitation rules were unduly restrictive. Although the petition refers to the impact of such alleged conditions upon Russell, I do not think the petition can be read fairly to suggest that other detainees are unaffected by any of the conditions alleged.

The Utah cases cited in support of the majority opinion are distinguishable. In *Duran v. Morris,* 635 P.2d 43 (Utah 1981), a prisoner complained that he had been denied due process at a hearing on reclassification from medium security to maximum security. The petition did not allege that the procedure followed in the petitioner's case was common to classification hearings in general. Similarly, in *Spain v. Stewart,* 639 P.2d 166 (Utah 1981), the petitioner challenged the manner in which he had been arrested. The incident apparently was isolated. The *Spain* court did not even consider applying the public interest exception to the mootness doctrine.

In contrast, I think another Utah case, *Wickham v. Fisher,* 629 P.2d 896 (Utah 1981), is factually analogous to the instant case. There, as here, the petitioner alleged that his eighth amendment right to be free from cruel and unusual punishment had been abridged by conditions at a county jail. The petition in *Wickham* was not deemed moot, and I do not believe the petition before us is moot either.

Neither do I believe that the Court appropriately responds to Russell's petition by suggesting that post-conviction relief may be available in any event. The focus of a post-conviction proceeding in Russell's case would not be whether the Lewis County jail has been administered in compliance with detainees' constitutional rights. Rather, it would be solely whether Russell, while detained at the jail, entered a knowing, voluntary and intelligent plea of guilty to charges against him. This is a much narrower focus. It is unlikely that a post-conviction proceeding would serve the

broader, remedial purposes contemplated by habeas corpus and by the public interest exception to the mootness doctrine.