44 P.3d 1200

**Rick STORM, Petitioner–Appellant,**

v.

**James SPAULDING, Director, Department of Correction, State of Idaho, Respondent.**

No. 27314.

Court of Appeals of Idaho.

March 14, 2002.

Molly J. Huskey, Interim State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Paul R. Panther, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Rick Storm filed a pro se petition for a writ of habeas corpus, alleging that he was deprived of due process in a prison disciplinary hearing. The magistrate dismissed the petition on summary judgment. Storm appealed to the district court, contending that the magistrate erred in finding his petition moot, in dismissing his petition for failure to state a claim, and in refusing to allow addi-

tional discovery. The district court affirmed the magistrate, and Storm now further appeals.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Storm was serving a term of imprisonment at the Idaho State Correctional Institution with a medium custody classification. In the fall of 1998, a disciplinary offense report ("DOR") was issued that accused Storm of misconduct. On October 28, 1998, a hearing was conducted on the DOR. Storm requested a continuance to prepare his defense, but his request was denied. Storm alleges that as a consequence of the refusal of a continuance, he was unprepared to present his defense. The hearing officer found Storm guilty of the charged offense. As punishment, Storm was ordered to spend twenty days in disciplinary segregation. Following this segregation period, Storm was reclassified from medium custody to close custody and was moved to a maximum-security facility, where inmates have fewer privileges, educational opportunities, and employment opportunities than those housed in the medium security facility.

On December 31, 1998, while in close custody, Storm filed a petition for a writ of habeas corpus naming as respondents the State of Idaho and the Director of the Department of Correction, James Spaulding (hereinafter referred to collectively as "the State"). Storm alleged that the disciplinary hearing officer's refusal of Storm's request for a continuance constituted a violation of Storm's right to due process and that the resulting reclassification of Storm to close custody was therefore unlawful. Storm further alleged that the record of the offense would adversely affect his opportunity for release on parole. As a remedy for the alleged due process violation, Storm requested that all records of the DOR be purged and that he be restored to medium custody.

The State moved to dismiss Storm's petition pursuant to Idaho Rule of Civil Procedure 12(b)(6) for failure to state a claim. Storm then filed a motion for discovery requesting, among other things, a transcript or audio recording of the disciplinary hearing. The magistrate declined to allow the requested discovery.

While the State's motion was pending, Storm was reclassified from close custody back to medium custody. The magistrate ultimately granted the State's motion to dismiss. The magistrate concluded that Storm's request to be returned to medium custody was moot because he had already been restored to that classification. The magistrate also held that Storm's petition failed to state a claim because he did not have a right to due process in the proceedings before the disciplinary hearing officer.

Storm appealed the magistrate's decision to the district court, which affirmed. Storm now further appeals to this Court.

## II.

## ANALYSIS

### A. Standard of Review

Although the State's motion was initially presented under I.R.C.P. 12(b)(6) as a motion for judgment on the pleadings, the magistrate considered evidence and information extraneous to the pleadings in resolving the motion. Therefore, the motion is properly treated as one for summary judgment and is reviewed under the summary judgment standards expressed in I.R.C.P. 56(c). *See Masi v. Seale,* 106 Idaho 561, 682 P.2d 102 (1984); *Merrifield v. Arave,* 128 Idaho 306, 307, 912 P.2d 674, 675 (Ct.App.1996); *Hellickson v. Jenkins,* 118 Idaho 273, 796 P.2d 150 (Ct. App.1990). Summary judgment may be entered only if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). In this case, there are no material factual issues so we freely review the magistrate's application of the law to the undisputed facts. *Friel v. Boise City Hous. Auth.,* 126 Idaho 484, 485, 887 P.2d 29, 30 (1994).

**148**

### B. Storm's Claims for Relief Are Moot Except as to His Contention that the DOR May Adversely Affect His Parole Eligibility

 The State asserts that Storm's claim is moot with respect to any request for relief from sanctions that were imposed as a result of the DOR. A case becomes moot when the issues are no longer live or the parties do not have a legally cognizable interest in the outcome. *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). "Whether a case should be dismissed for mootness is a question of law, subject to free review. In general, when the relief requested by a habeas corpus petitioner will not affect his current conditions of confinement, the case is moot and a court need not adjudicate the petition on the merits." *Sivak v. State*, 115 Idaho 760, 761, 769 P.2d 1132, 1133 (Ct.App.1989).

Here, the penalty imposed on Storm for the DOR was service of twenty days in segregation and reclassification to close custody. When he was restored to a medium custody classification, his petition became moot with respect to any claim for relief from the disciplinary sanctions.

Storm points out, however, that the mootness doctrine may not be applied with respect to prison disciplinary actions if there is any possibility that "collateral consequences" will be imposed as a result of the challenged action. *Adams v. Killeen*, 115 Idaho 1034, 1035, 772 P.2d 241, 242 (Ct.App.1989); *Russell v. Fortney*, 111 Idaho 181, 182, 722 P.2d 490, 491 (Ct.App.1986). Storm argues that there may be such a collateral consequence here due to the possibility that the disciplinary action will have a negative effect on the parole commission's view of his suitability for parole.

The State responds that there is no possibility of the collateral consequence hypothesized by Storm because, prior to the disciplinary proceedings, Storm had been on parole and had his parole revoked for violations. The State presented evidence that when his parole was revoked, the parole commission ordered that Storm would be "passed to his full term release date." Thus the State argues that Storm will have no further eligibility for parole that could be adversely affected by the finding of misconduct.

We reject the State's argument because the parole commission's act of passing an inmate to his full-term release date does not preclude the possibility of further parole hearings or commutation hearings at the request of the inmate. *See* I.D.A.P.A. §§ 50.01.01.450.01, 50.01.01.500. Consequently, we must examine further Storm's contention that he had a right to due process that was violated in his disciplinary proceeding.

### C. The Mere Possibility of an Effect on Parole Eligibility Is too Tenuous to Constitute a Deprivation of a Liberty Interest Protected by the Due Process Clause

██ In *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the United States Supreme Court held that whether a prisoner possesses a liberty interest entitling him to due process in prison disciplinary proceedings depends upon the nature of the deprivation at stake. The Court concluded that a liberty interest sufficient to implicate the Due Process Clause will generally be limited to circumstances where the disciplinary action "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484, 115 S.Ct. at 2300, 132 L.Ed.2d at 430. The Court in *Sandin* also addressed whether, considering the applicable state laws governing parole, the potential effect of the disciplinary action on the inmate's parole prospects afforded the inmate a liberty interest entitling the inmate to due process protections in the disciplinary proceedings. The Court held that it did not, explaining:

Nothing in Hawaii's code requires the parole board to deny parole in the face of a misconduct record or to grant parole in its absence, even though misconduct is by regulation a relevant consideration. The decision to release a prisoner rests on a myriad of considerations. And, the prisoner is afforded procedural protection at his parole hearing in order to explain the circum-

stances behind his misconduct record. The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.

*Sandin,* at 487, 115 S.Ct. at 2302, 132 L.Ed.2d at 431–32 (citations omitted).

The present case is indistinguishable from *Sandin.* Idaho statutes do not require the denial of parole as a consequence of disciplinary violations. *See* I.C. §§ 20–223, –224. Rather, the administrative rules identify "a myriad of considerations" for the parole commission to weigh in determining whether to grant parole. *See* I.D.A.P.A. § 50.01.01.250.01(c). The inmate's record of disciplinary violations is only one of seven factors for the commission to weigh. *Id.* At any future parole hearing, Storm will have an opportunity to address the commission to explain why he believes that the hearing officer's finding of guilt in the disciplinary proceeding was unjustified. I.C. § 20–223(c); I.D.A.P.A. § 50.01.01.200. Therefore, the risk that the finding of guilt, allegedly resulting from a deprivation of due process in the disciplinary hearing, may impair Storm's chance for release on parole is "simply too attenuated to invoke the procedural guarantees of the Due Process Clause."

Consequently, although Storm's claim that his disciplinary record may impair his eligibility for parole is not moot, the claim was nonetheless correctly dismissed by the magistrate because Storm's allegations do not describe a liberty interest that entitled him to the procedural protections of the Due Process Clause in the disciplinary hearing.

**D. Discovery**

Finally, Storm asserts that the magistrate erred in not allowing Storm to engage in additional discovery to obtain an audio recording of the disciplinary hearing before summary judgment was granted to the State. We review the magistrate's decision for an abuse of discretion. *Merrifield,* 128 Idaho at 311, 912 P.2d at 679.

In considering Storm's discovery request, the magistrate thoroughly questioned Storm to determine how the requested discovery would be relevant to the ground for summary judgment advanced by the State (which was principally that Storm could not demonstrate an entitlement to due process in the disciplinary hearing under the *Sandin* standards). In that hearing and on appeal, Storm has been unable to describe any way that access to an audio recording of the disciplinary hearing could have aided him in responding to the summary judgment motion. This irrelevance of the requested discovery distinguishes Storm's case from *Merrifield,* on which he relies, where this Court reversed a summary judgment dismissing a habeas corpus petition because the trial court had not allowed the petitioner to obtain discoverable materials that were *germane* to the summary judgment motion. Here, the magistrate court did not abuse its discretion by acting on the State's motion without first allowing Storm to conduct discovery that had no demonstrable relevance to the motion.

## III.

## CONCLUSION

The magistrate properly held that Storm's habeas corpus petition was moot with respect to his request for relief from the custody reclassification that resulted from the disciplinary proceeding. Storm's allegation that the disciplinary action could affect his likelihood of gaining release on parole is not moot, but it fails to state a claim for deprivation of due process under the governing standards of *Sandin.* Storm has not shown that the discovery that he requested, but was not permitted to conduct, would have provided any basis to combat the summary judgment motion. Therefore, the order of summary judgment dismissing Storm's petition for a writ of habeas corpus is affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.