**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36234**

| | | |
|---|---|---|
| **ROBERT M. MICHAEL,** | ) | **2010 Unpublished Opinion No. 552** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed: July 15, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STEPHEN F. SMITH, ATTORNEY AT** | ) | **THIS IS AN UNPUBLISHED** |
| **LAW CHARTERED, an Idaho corporation;** | ) | **OPINION AND SHALL NOT** |
| **STEPHEN SMITH, an individual;** | ) | **BE CITED AS AUTHORITY** |
| **STEPHEN F. SMITH, an individual,** | ) | |
| | ) | |
| **Defendants-Respondents.** | ) | |
| | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. John T. Mitchell, District Judge.

Order dismissing malpractice action with prejudice, <u>affirmed</u>.

Robert M. Michael, Bonners Ferry, pro se appellant.

Manderson L. Miles, Jr., Lewiston, for respondent.

_____

GUTIERREZ, Judge

Robert M. Michael appeals from the district court's dismissal with prejudice of the malpractice action he filed against Stephen F. Smith, *et al*. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Smith, an attorney, represented Michael in an action in Idaho's First Judicial District in Boundary County, entitled *Leon's Mfg. Co. Inc., et al. v. Robert Michael*, *et al*., Case No. CV-2003-432. In September 2005, a judgment was entered against Michael in the case. Michael filed for bankruptcy in October 2005. The bankruptcy discharge was granted on February 8, 2006, and the estate was eventually closed on June 13, 2007.

1

On August 29, 2007, Michael filed the complaint at issue herein, alleging legal malpractice by Smith in the *Leon's Mfg.* case, naming the defendants as Stephen F. Smith, Attorney at Law, Chartered, an Idaho corporation ("the Corporation"), Stephen Smith, an individual, Stephen F. Smith, an individual, and Does 1-5. Michael alleged that Smith, *et al.*, committed malpractice in the *Leon's Mfg.* case by, *inter alia*, failing to properly prepare a counterclaim and to properly plead fraud or request punitive damages and that Smith committed fraud, misrepresentation, and fraudulent concealment. Counsel for Stephen F. Smith filed an answer to the complaint on March 26, 2008, listing the defendant as "Stephen F. Smith" and without making reference to the Corporation or "Stephen Smith." Following the filing of an amended complaint[1] (naming the same defendants), Michael filed motions for entry of default judgments in regard to all three defendants alleging that "Stephen Smith" and the Corporation had failed to appear in the case and that "Stephen F. Smith" had failed to answer his amended complaint. Smith's attorney filed an amended answer, including "Stephen Smith" and the Corporation in addition to "Stephen F. Smith" as defendants on whose behalf the answer was filed. At a scheduling conference, the district court declined to enter the requested defaults. Smith filed a motion for summary judgment, contending that since Michael had failed to list the malpractice claim in his bankruptcy case, Michael did not have standing to bring the action and should be judicially estopped from doing so. The court denied the motion, ruling there was an unresolved factual issue as to when Michael knew or should have known of the cause of action. Smith subsequently filed a motion to dismiss the state action for failure to join an indispensible party--namely the bankruptcy trustee--pursuant to Idaho Rule of Civil Procedure 12 (b)(7). The district court indicated it would not rule on the motion until it was given information regarding the status of Michael's bankruptcy estate.

Michael (and his wife who was also a party to the bankruptcy action) moved to reopen their bankruptcy case, which was granted. The reappointed bankruptcy trustee decided not to enter the instant case as a party, and instead opted to sell the cause of action at auction on behalf of the estate. On December 8, 2008, Michael and Smith's attorney bid over the telephone.

---

[1]     After the appeal was filed, Michael requested leave to file a second amended complaint on July 17, 2009 and then filed a "Motion to Continue Second Amended Complaint Hearing" on September 8, 2009. The record does not indicate how the court dispensed with these motions, nor whether a second amended complaint was ever filed.

Smith was the highest bidder, purchased the cause of action, and was issued a bill of sale for *all right, title, and interest in the litigation*.[2]

Smith again moved to dismiss the malpractice action in state court on the basis that he was now the owner of the cause of action. Michael opposed the motion, and a hearing was held. The court granted the motion to dismiss for lack of standing and issued a written memorandum decision and order. Michael thereafter filed two motions to reconsider the dismissal, both of which the district court denied. Michael now appeals the dismissal and raises additional issues regarding the court's handling of the case.

## II.

## ANALYSIS

Michael contends that the district court erred in dismissing the malpractice action with prejudice following the trustee sale. He also contends that the court erred in failing to rule on his motions for entry of default judgment, or, in the alternative, declining to enter default. In addition, Michael raises issues of misconduct on the part of the district court judge. We address each in turn.

### A.    Motions for Entry of Default Judgment

Michael contends that the court erred in failing to rule on his motions for entry of default judgment filed in April 2008. Alternatively, he argues that the court erred in declining entry of default on the basis that Michael had not complied with the requisite notice requirement of Idaho Rules of Civil Procedure (I.R.C.P.).

The record indicates that the district court did rule on Michael's motions for entry of default judgment. Michael raised the issue of his motions at the May 7, 2008, scheduling conference. At the hearing, Michael acknowledged that an answer had been filed on behalf of Stephen F. Smith. However, Michael continued to request default judgment against Stephen Smith and Stephen F. Smith, Attorney at Law, Chartered, an Idaho corporation. The district court correctly noted that Michael had specifically requested in the body of his complaint that

---

[2]    The augmented record on appeal indicates that on December 17, 2009, the United States Bankruptcy Court for the District of Idaho issued a Memorandum Decision denying Michael's and his wife's "motion to reconsider" the sale of the claim. *In re Michael*, Case No. 05-21968-TLM (Bankr. D. Idaho 2009).

Stephen F. Smith and Stephen Smith be treated as the same. Michael again raised the issue of default judgment against the Corporation. Defense counsel indicated that he believed he had answered for all three named defendants.[3] The district court indicated that it had carefully reviewed and analyzed the pleadings and directed to both parties the statement: "I can't give anybody legal advice so I'm kind of hamstrung here."

The district court was clearly being careful not to indicate to one side or the other any problems it perceived with their pleadings. Perhaps the district court recognized that while, on one hand, the amended answer did not clearly indicate that it was filed on behalf of the Corporation as well as the individual defendant, Michael had not properly moved for default judgment against the Corporation. The motion listed the Corporation in the title, but in the body of the motion Michael requested default judgment specifically "against Defendant Stephen F. Smith, an individual." The district court concluded: "Well, I'm not going to enter the default *as it's submitted* now based upon the file that I've reviewed here." (Emphasis added.) The decision as to whether to enter default judgment is a matter of discretion for the trial court. *Mastrangelo v. Sandstrom, Inc.*, 137 Idaho 844, 849-50, 55 P.3d 298, 303-04 (2002). Based upon the state of the record, the district court did not abuse its discretion in refusing to enter default judgment against the Corporation.

## B.     Motion to Dismiss

Michael also asserts that the district court erred in several respects in granting Smith's motion to dismiss. Smith filed his motion to dismiss the lawsuit on the ground that the bankruptcy estate owned "all right, title, and interest to any claim against [Smith, et al.]" which interest properly transferred to Smith at auction upon issuance of a bill of sale for all right, title, and interest in the malpractice cause of action.[4] Michael opposed the motion to dismiss, arguing

---

[3]     If there were confusion as to whether the Corporation had appeared in the action prior to the hearing, as contemplated in I.R.C.P. 55(b)(2), counsel's statement would seemingly constitute such an appearance. *See Newbold v. Arvidson*, 105 Idaho 663, 672 P.2d 231 (1983).

[4]     Specifically, the bill of sale identified the property being sold as:

> All right title and interest of the estate in the cause of action between debtor(s) Robert M. Michael, Plaintiff, vs. Stephen F. Smith, Attorney at Law, Chartered, [an] Idaho Corporation; Stephen F. Smith, an individual, Case No.

4

that "notwithstanding the purchase of the [bankruptcy estate's] interest by Defendant Stephen F. Smith, [Michael] has his same standing as before the purchase as a real party in interest" because the bankruptcy estate interest was limited to pre-bankruptcy petition causes of action up to the estate's indebtedness.

The district court rejected Michael's contention, indicating this argument had no merit and noting that Michael had failed to cite any authority which supported his propositions. The court ruled:

> "Causes of action owned by the trustee are intangible items of property of the estate that may be sold." *In re Lahijani*, 325 B.R. 283, 287 (9th Cir. 2005). It is the bankrupt estate, created when the bankruptcy action is commenced, that includes all legal or equitable interests held by the debtor at the time the action is commenced. 11 U.S.C. § 541(a). *See Scarlett v. Barnes*, 121 Bankr. 578 (Bankr. W.D. Mont. 1990) (legal malpractice action is property of the bankrupt estate); *see also Tingley v. Harrison*, 125 Idaho 86, 91, 867 P.2d 960, 965 (1994).
>
> Although dealing with the issue of whether the costs and fees a debtor incurs after reviving a state-court action can be encompassed by a bankruptcy discharge, some of the fact pattern in *In re Ybarra*, 424 F.3d 1018 (9th Cir. 2005) is instructive. In that case the debtor had not initially scheduled her cause of action against her employer and the Trustee for the debtor's Chapter 7 bankruptcy estate agreed to settle with the employer "via a compromise in which Rockwell would purchase Ybarra's cause of action for $17,500." 424 F.3d 1018, 1020. "Although Ybarra objected to the proposed compromise, the bankruptcy court approved it on November 12, 1993. Thereafter the state court granted the trustee's and Rockwell's motion to dismiss Ybarra's lawsuit." *Id*. These facts are quite similar to those in the instant manner, however *Ybarra's* facts then begin to differ as the bankruptcy court later gave Ybarra the option to accept the $17,500 in full satisfaction and release of all claims or to take ownership of all right, title, and interest in the lawsuit, and she chose the latter[.]
>
> Here, there was an auction by the trustee, attended by both parties who both bid on the cause of action. There is no evidence in the record that Michael objected to the auction or that he objected to the compromise in any way. The Trustee stated that he opted not to enter the case as a party and instead: "I sold the right, title, and interest in this cause of action of *Robert M. Michael v. Stephen Smith,* et al., to Stephen Smith on December 8, 2007, at a bid sale. I gave Stephen Smith a Bill of Sale for all Plaintiff's causes of action." Affidavit of Bankruptcy Trustee, Barry Zimmerman . . . .

---

CV07-312 in the District Court of the First Judicial District of the State of Idaho, in and for the county of Boundary.

5

Following the sale, Michael no longer had standing in this matter. Standing is a jurisdictional issue and may be raised at any time. *Hoppe v. McDonald*, 103 Idaho 33, 35, 644 P.2d 355, 357 (1982).

> The doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated . . . [T]o satisfy the case or controversy requirement of standing, litigants generally must allege or demonstrate an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury.

*Thompson v. City of Lewiston*, 137 Idaho 473, 477, 50 P.3d 488, 492 (2002). Because Michael has no remaining title, interest or right to his cause of action in this malpractice case before this Court, which malpractice cause of action is now owned by Smith (the party whom Michael alleged committed the malpractice), this Court must grant Defendant's Motion to Dismiss.

Although Smith presented his motion as a "motion to dismiss," such a caption references a motion for judgment on the pleadings and since the court considered evidence and information extraneous to the pleadings in resolving the motion, the motion is properly treated as one for summary judgment and is reviewed under the summary judgment standards expressed in I.R.C.P. 56(c). *See Storm v. Spaulding*, 137 Idaho 145, 147, 44 P.3d 1200, 1202 (Ct. App. 2002); *Merrifield v. Arave*, 128 Idaho 306, 307, 912 P.2d 674, 675 (Ct. App. 1996); *Hellickson v. Jenkins*, 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct. App. 1990). Summary judgment may be entered only if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). The United States Supreme Court, in interpreting F.R.C.P. 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The

6

moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citations omitted). The language and reasoning of *Celotex* has been adopted in Idaho. *Dunnick v. Elder*, 126 Idaho 308, 312, 882 P.2d 475, 479 (Ct. App. 1994). The standard of review on appeal from an order granting summary judgment is the same standard that is used by the district court in ruling on the motion. *McCabe v. Craven*, 145 Idaho 954, 956, 188 P.3d 896, 898 (2008); *Baxter v. Craney*, 135 Idaho 166, 170, 16 P.3d 263, 267 (2000).

Michael argues that the district court erred in relying on hearsay evidence in rendering its decision on the motion to dismiss, in its failure to recognize the motion as one for summary judgment and therefore failing to follow the procedural strictures of such a motion, and in its failure to apply Idaho law in determining Michael's standing to pursue the claim. He also reasserts his arguments regarding the merits of the dismissal, arguing that the inclusion of the malpractice action in the bankruptcy estate was against public policy and that despite the bill of sale obtained by Smith, Michael retained an interest in claims against Smith such that the court's grant of Smith's motion to dismiss was erroneous. We address each in turn.

### 1. Inclusion of malpractice action in bankruptcy estate

Michael argues that the district court erred in failing to recognize that inclusion of legal malpractice actions in the bankruptcy estate runs against public policy. To the contrary, in a Chapter 7 bankruptcy as Michael filed here, the bankruptcy estate, which is created upon the commencement of a bankruptcy action, includes all legal or equitable interests held by the debtor at the time the action is commenced. 11 U.S.C. § 541(a).[5] Causes of action owned by the debtor

---

[5]     In relevant part, 11 U.S.C. § 541 states:

>        (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:
>        (1) Except as provided in subsections (b) and (c)(2) of this section, *all legal or equitable interests of the debtor in property as of the commencement of the case* . . . .

(Emphasis added.) The exemptions listed under this section are not applicable to this case. We note that all statutory references to the Bankruptcy Code, made by this Court and the district

as of the filing of the bankruptcy case are intangible items of property that become part of the estate and may be sold. *Id.* Idaho's Supreme Court recognized that under § 541(a), a bankruptcy estate encompasses legal malpractice causes of action. *Tingley v. Harrison*, 125 Idaho 86, 91, 867 P.2d 960, 965 (1994). In *Tingley*, after stating that the malpractice claim at issue became part of the bankruptcy estate, the Supreme Court explained:

> The bankrupt estate, which is created upon the commencement of a bankruptcy action, includes all legal or equitable interests held by the debtor at the time the action is commenced. 11 U.S.C. § 541(a). The scope of § 541 includes causes of action, regardless of whether the action is transferrable or assignable. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 708-09 (9th Cir. 1986). *See also Scarlett v. Barnes*, 121 Bankr. 578 (Bankr. W.D. Mont. 1990) (legal malpractice action property of bankrupt estate).

*Id. See also In re Lahijani*, 325 B.R. at 287. Since our Supreme Court has held otherwise, we must reject Michael's invitation to hold that the inclusion of legal malpractice actions in a bankruptcy cause of action runs against public policy.

### 2. Retention of an interest in cause of action

Michael argues that the estate only had "interest in the lawsuit up to the estates [sic] indebtedness and only for pre-petition causes" and therefore, this was the only interest that Smith purchased at the trustee sale. Citing the general bankruptcy law rule that an estate only has an interest in the debtor's property up to the value of the amount owing by the estate and has no interest in monies in excess of the indebtedness, he argues that he retained interest in the cause of action above the $16,600 "indebtedness" paid by Smith because the entirety of the cause of action was worth upwards of $600,000--a significantly higher sum, he asserts, than he owed to his creditors.

Under federal bankruptcy law, the *entirety* of the interests held by the debtor at the time of the filing (except for exemptions that are not applicable here) become property of the estate. 11 U.S.C. § 541(a). Regardless of whether potential damages that could have been awarded had the action been pursued (in Michael's estimation, $600,000) were higher than his indebtedness, Michael did not retain an interest in the action because the general rule is that any surplus monies

court, reference 11 U.S.C. §§101-1330 as it existed prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 108-9, 119 Stat. 23 (2005).

held by the trustee *returns* to the debtor only *after* payment of all properly filed claims and costs of administration--not that the debtor retains an interest *prior* to the payment of his debts. 11 U.S.C. § 726. *See also Time Oil Co. v. Wolverton*, 491 F.2d 361, 365 (9th Cir. 1974) (indicating that the general rule is that surplus monies held by the trustee pass and return to the bankrupt party after the payment of all properly filed claims and costs of administration). In support of his argument, Michael cites to cases which have held that a debtor may retain standing to challenge the bankruptcy order if he can show there is a reasonable possibility of a surplus for the proposition that he retained interest in the claim such that the estate did not acquire interest in the entirety of the claim. However, the cases he cites do not stand for the proposition that he advances here. These cases allow that if Michael was able to show there was a reasonable possibility there would be a surplus, he may have retained an interest sufficient to allow him to challenge the bankruptcy order pertaining to the sale of the claim. However, this is a distinct issue from his assertions that he retained an interest in the claim to the exclusion of the estate *prior to* the sale of the asset.

### 3.    Post-petition claims

Michael also argues that included in his amended complaint were several "post-petition" claims which did not become part of the bankruptcy estate, and thus, that he retained an interest in the cause of action even after the sale. To become part of the bankruptcy estate, a cause of action must have accrued at the time of the bankruptcy filing. *Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001). To determine when a cause of action accrues, we must look to state law. *Cusano*, 264 F.3d at 947; *In re Folks*, 211 B.R. 378, 384 (9th Cir. BAP 1997). Under Idaho law, a cause of action for professional malpractice accrues as of the time of the occurrence, act or omission complained of, *City of McCall v. Buxton*, 146 Idaho 656, 659, 201 P.3d 629, 632 (2009); a cause of action for breach of contract accrues upon the breach, *Balivi Chem. Corp. v. Indus. Ventilation, Inc.*, 131 Idaho 449, 451, 958 P.3d 606, 608 (Ct. App. 1998); and a cause of action for fraud (which encompasses fraudulent concealment) accrues upon discovery by the aggrieved party of facts constituting fraud, I.C. § 5-218(4) and *Nerco Minerals Co. v. Morrison Knudson Corp.*, 140 Idaho 144, 150, 90 P.3d 894, 900 (2004). In regard to professional malpractice actions, Idaho case law extends the time of accrual to the date when the plaintiff is damaged where the negligence is *continuing*. *Tingley*, 125 Idaho at 89, 867 P.2d at 964. Thus, we must determine whether Michael asserted any causes of action which accrued after the

9

bankruptcy petition was filed such that he retained an interest in these causes of action despite the creation of the bankruptcy estate.

In its memorandum decision and order denying Michael's motion for reconsideration of the motion to dismiss, the district court ruled that because the judgment in the *Leon's Mfg.* case was entered against Michael prior to his bankruptcy filing, the entirety of the malpractice action accrued prior to the bankruptcy filing. We are not convinced that the issue is as clear-cut as the district court implied, because in his amended complaint, Michael references certain post-trial actions by Smith which he contends constituted malpractice and breach of contract. However, it is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal, *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997), and in the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.* And, as we stated above, on summary judgment, Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, because in such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. Thus, while Michael alleged that certain acts giving rise to several causes of action occurred after the judgment was entered, he provided insufficient dates and/or details that would have allowed the district court to conclude that such actions constituted distinct causes of action (from the alleged malpractice and breaches of contract that occurred prior to and during the *Leon's Mfg.* trial) that accrued prior to his filing of the bankruptcy petition.

For example, in regard to his fraudulent concealment claim, Michael provides a frame of reference in regard to the timing, alleging that Smith's "actions have been, *and continue to this time*, to fraudulently conceal their negligent legal performance in the case loosing [sic] cross complaint filing." However, even if we were to find that Smith's alleged malpractice in this regard was "continuing" such that the accrual date was extended to when Michael suffered "damage," this would not mean that the claim had not accrued prior to the bankruptcy filing. As with his other claims, Michael provides no reference as to when he was actually "damaged" by

the alleged continuing malpractice such that the accrual date can be determined.[6] Accordingly, we will not presume error and conclude that the district court did not err in granting the motion to dismiss his fraudulent concealment claim where Michael did not carry his burden to prove a genuine issue of material fact existed as to this element.[7]

### 4. Applicable law

Michael also contends that the district court erred by applying federal law, as opposed to Idaho law, in determining that he no longer had standing to prosecute the malpractice action against Smith after the trustee sale. To the contrary, the court applied Idaho law in determining that Michael did not have standing, citing *Thompson v. City of Lewiston*, 137 Idaho 473, 477, 50 P.3d 488, 492 (2002), for the proposition that standing requires a showing of injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury. The court then concluded that under *Thompson*, Michael did not have standing because after the trustee sale, a ruling in Michael's favor would no longer redress the claimed injury where he no longer had any interest in the malpractice action.

In sum, we conclude that the district court did not err in granting summary judgment on this issue because there was no genuine issue as to any material fact and Smith was entitled to

---

[6] In *Tingley*, the Idaho Supreme Court specifically noted that the accrual date of a continuing tort was not dependant on when a plaintiff discovers the alleged "damage," but on when the damage actually occurred. *Tingley*, 125 Idaho at 89, 867 P.2d at 964.

[7] In its December 17, 2009, memorandum decision denying Michael's motion to reconsider the propriety of the sale of the malpractice claim, the bankruptcy court noted a similar dearth of evidence in regard to this claim:

> For purposes of the statute of limitations on professional malpractice actions, "the limitation period shall not be extended by reason of any continuing consequences or damages resulting [from the act or omission] or any continuing professional or commercial relationship between the injured party and the alleged wrongdoer." [*McCall*, 146 Idaho at 659, 201 P.3d at 632.] [Michael] never explained to [the bankruptcy court] what acts or omissions of Smith occurred after October 13, 2005, that created causes of action that were legally distinguishable from the alleged prepetition malpractice. Nor did he explain that argument to the satisfaction of the state [district] court, as evidence by that court's [d]ismissal and [r]econsideration [d]ecisions.

*In re Michael*, Case No. 05-21968-TLM *19 n.21 (Bankr. D. Idaho 2009).

11

judgment as a matter of law because Michael retained no interest in the lawsuit where the bankruptcy estate owned the entirety of the interest and sold that interest to Smith.

### 5. Timeliness of briefs

Michael contends that the court's failure to enforce strict compliance with the briefing requirements prescribed by the Idaho Rules of Civil Procedure requires reversal of the court's decision. Specifically, he argues that Smith's motion to dismiss filed on January 5, 2009, was improperly filed because the affidavit of the bankruptcy trustee was not also served on that day, but rather filed by Smith on January 13, accompanying a memorandum in support of his motion to dismiss. Michael states that he did not receive the affidavit until January 15, 2009, which was only six days before the hearing on the motion and therefore did not comply with the time limits imposed in the rules. He contends that due to these irregularities, he was "effectively stopped from mounting opposition" to the motion.

Even if we were to conclude that the rules implicated by the above actions were violated, such a conclusion would not require reversal of the court's grant of the motion to dismiss. *See Ponderosa Paint Mfg., Inc. v. Yack*, 125 Idaho 310, 317, 870 P.2d 663, 670 (Ct. App. 1994). In *Ponderosa*, this Court noted:

> [Idaho Rule of Civil Procedure 61] provides that no error or defect in the conduct of the court or of the parties constitutes a ground for vacating a judgment or order unless the refusal to take such action "appears to the court inconsistent with substantial justice." The rule directs that the court at every stage of the proceeding must disregard any error that does not affect the substantial rights of the parties. Thus, Rule 61 essentially embodies the precept that an appellate court will not grant relief for harmless error.

*Id*. On this basis, the *Ponderosa* Court then addressed the argument of the defendants that because the summary judgment motion and accompanying affidavit had not been timely served, they had insufficient time to prepare a response to the motion and, therefore, the error should result in reversal of the district court's grant of the summary judgment motion. We rejected the defendants' contention, noting that they had not demonstrated that even if given additional time, the defendants could have prevented entry of summary judgment against them and thus had not shown that they were prejudiced by the late service of the summary judgment motion. *Id*. We recognized the same principle in *In re Estate of Keevan*, 126 Idaho 290, 296, 882 P.2d 457, 463 (Ct. App. 1994), noting:

12

This Court recognizes the importance of the civil rules concerning the time requirements for filing and service of motions. We do not condone a litigant's disregard of these time restrictions. However, the purpose of such rules is to provide sufficient notice of issues to be addressed and relief sought so that the opposing party may adequately prepare to present its position. The notice rules are not jurisdictional, *Jarman v. Hale,* 112 Idaho 270, 272, 731 P.2d 813, 815 (Ct. App. 1986), and they do not provide grounds for reversal on appeal for a party who has no substantive defense to the motion and who was not prejudiced by the inadequate notice. This Court will not grant relief for what is, at most, harmless error.

Here, we conclude that even if Smith's motion and/or its accompanying affidavit were improperly filed and/or served, such an error would not require us to reverse the court's grant of the motion to dismiss. As we discussed above, Michael did not have valid legal grounds for opposing the motion to dismiss and thus, even if he had more time, he could not have prevented entry of the dismissal against him.

### 6. Hearsay

Michael also argues that the court erred in taking into account "hearsay testimony" offered by Smith's attorney "quoting extensively what the private bankruptcy trustee said about this case" at a hearing on Smith's motion to dismiss for failure to join an indispensible party. Michael indicates that in response to this, Michael himself "rebutted" the attorney's statements "with hearsay from the private trustee." It is well settled that one may not successfully complain of errors that one has consented to or acquiesced in. *Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009). In other words, invited errors are not reversible. *Id.* at 106-07, 205 P.3d at 1242-43. Here, Michael acquiesced in the court's consideration of alleged hearsay evidence by, as he admits, utilizing the evidence himself in argument to the court. As such, even assuming the evidence was inadmissible, we will not find that the court erred.[8]

---

[8] In one of the headings included in his appellant's brief, Michael contends that the court "allow[ed] inadmissible parol evidence" as well as "an affidavit which violated Rule 56(e)" which governs the form of affidavits. He does not, however, mention either argument again, failing to assert on what basis the affidavit allegedly violates the rule or what "parol" evidence he contends was improperly considered. Thus we will not address these issues. *Powell*, 130 Idaho at 128, 937 P.2d at 440 (holding that a party waives an issue on appeal if either argument or authority is lacking).

Because Michael has not established reversible procedural or evidentiary errors in the granting of Smith's motion to dismiss, we affirm the district court's dismissal with prejudice.

## C.     Judicial Bias

Michael spends considerable effort in his briefs to this Court arguing that the district court judge committed judicial misconduct and was prejudicially biased against him. While, in some instances he frames the arguments as objections to the court's rulings, the core of his assertions are that the judge acted unethically in this case, for example, by urging Smith to file a motion alleging the failure to join an indispensible party. Michael has failed to demonstrate any judicial misconduct affecting the district court's decisions reviewed on this appeal.

## D.     Attorney Fees and Costs

Michael requests that costs be awarded. Pursuant to Idaho Appellate Rule 40(a), costs are awarded as a matter of right to a prevailing party on appeal. Because Michael is not the prevailing party, his request is denied.

Smith requests attorney fees on appeal under Idaho Code Section 12-121, arguing that Michael has pursued this appeal without legal or factual support. Attorney fees can be awarded to the prevailing party on appeal under that statute only if the appeal was brought or defended frivolously, unreasonably, or without foundation. *Allbright v. Allbright*, 147 Idaho 752, 756, 215 P.3d 472, 476 (2009). Smith argues that is the case here because Michael's appeal was simply an argument that the district court's memorandum and order granting the motion to dismiss was incorrect, and he failed to cite to any relevant facts or authority on point that supports his position. Smith contends that such unsupported arguments attacking a "well researched and well written opinion" of the district court constitutes a frivolous and unreasonable appeal pursued without foundation.

We are not convinced that the entirety of Michael's appeal was pursued frivolously, unreasonably, or without foundation such that the award of attorney fees is appropriate. The substantive issues were supported with some authority and reasonable argument for interpretation of federal bankruptcy law and state legal malpractice cause of action law. The fact that Michael did not prevail does not necessarily mean that an award of attorney fees is appropriate. In addition, there is some evidence that the court may not have strictly enforced the timelines prescribed by the Idaho Rules of Civil Procedure in regard to Smith's motion to dismiss and while we ultimately concluded that Michael was not prejudiced by any deviation

14

from the rules in this respect, the issue was not pursued by Michael without foundation.  As such, we conclude that Michael's appeal was not pursued entirely on a frivolous or unreasonable basis or entirely without support, and therefore decline to award Smith attorney fees.

## III.

## CONCLUSION

Because we conclude that the district court did not err in refusing to grant Michael's motions for entry of default judgment, that the trustee sale of the entirety of Michael's malpractice action was proper, and that the court committed no reversible procedural or evidentiary errors, we affirm the dismissal of Michael's complaint--although noting that it amounts to a grant of summary judgment.  Smith is granted costs, but is not entitled to attorney fees.

Judge GRATTON and Judge MELANSON **CONCUR.**