IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 35162

| LESTER D. JONES, | ) | 2010 Unpublished Opinion No. 576 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 5, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. John H. Bradbury, District Judge.

Appeal from order dismissing application for post-conviction relief, dismissed.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

PERRY, Judge Pro Tem

Lester D. Jones appeals from the district court's order dismissing his application for post-conviction relief. For the reasons set forth below, we dismiss Jones's appeal as moot.

Jones pleaded guilty to lewd conduct with a minor in 1998. Jones appealed from his judgment of conviction and this Court affirmed. *State v. Jones,* 132 Idaho 439, 974 P.2d 85 (Ct. App. 1999).

Jones filed this application for post-conviction relief in December 2007. In his application Jones alleged that his trial counsel had been ineffective. The state filed an answer and a motion for summary dismissal. Four days later, without providing any further notice to Jones, the district court dismissed Jones's application. Jones appealed.

On appeal Jones raised one issue: "Did the district court err in granting the State's Motion for Summary Dismissal without providing Mr. Jones with twenty days to respond to the State's purported reasons for dismissal?" For relief, Jones requested that the district court's

1

order be vacated and his case remanded for further proceedings in the district court. In response, the state conceded the district court erred and filed a motion for remand to the district court for proper notice to be afforded Jones. The Idaho Supreme Court granted the state's motion and remanded the case, instructing the district court to provide Jones with the requisite time to respond to the state's motion and brief for summary dismissal. Jones's appeal was suspended until the district court filed its order upon remand.

On remand, the district court held a hearing on June 4, 2009, where it recognized the error and granted Jones twenty days to respond to the state's motion to dismiss. Jones filed a one-page document notifying the district court that he would submit the matter on the already-existing record. The district court held a second hearing on July 16 at which Jones's counsel restated his intention not to respond further. The district court again dismissed Jones's application.

Upon receiving the district court's order, the Supreme Court reactivated Jones's appeal. Appellate counsel for Jones was given leave to withdraw, and the Court reset the briefing schedule to provide Jones with an opportunity to file a supplemental brief. Jones did not file any additional briefing. The state thereafter filed its respondent's brief, arguing that Jones's only appealed issue was rendered moot by the actions taken by the district court on remand.

An issue is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome of the case. *Comm. for Rational Predator Mgmt. v. Dep't of Agric.*, 129 Idaho 670, 672, 931 P.2d 1188, 1190 (1997); *Idaho Schs. for Equal. Educ. Opportunity v. Idaho St. Bd. of Educ.*, 128 Idaho 276, 281, 912 P.2d 644, 649 (1996); *Storm v. Spaulding*, 137 Idaho 145, 148, 44 P.3d 1200, 1203 (Ct. App. 2002); *Russell v. Fortney*, 111 Idaho 181, 182, 722 P.2d 490, 491 (Ct. App. 1986). Additionally, if the issues presented are no longer live and if the parties lack a legally cognizable interest in the outcome, those issues are not justiciable, but are moot and thereby review is ordinarily precluded. *Freeman v. Idaho Dep't of Corr.*, 138 Idaho 872, 875, 71 P.3d 471, 474 (Ct. App. 2003). A party lacks a legally cognizable interest in the outcome when even a favorable judicial decision would not result in relief. *Id.* Whether a case should be dismissed for mootness is a question of law, subject to free review. *Storm*, 137 Idaho at 148, 44 P.3d at 1203.

In this case, we agree with the position of the state. At the time he filed his appeal, Jones asserted only that the district court had failed to provide him with the required notice to respond

to the state's motion to dismiss. The state agreed, and the appeal was suspended and remanded to allow the district court to correct this error. Upon remand, Jones received the very remedy he sought when proper notice was provided. Thereafter, when his appeal was reactivated, Jones did not file a supplemental brief challenging the district court's dismissal on any other grounds. Therefore, Jones does not present a live controversy, and any favorable judicial decision from this Court would not afford him any relief that he has not already been given.

Jones's appeal is moot. Accordingly, his appeal is dismissed. No costs or attorney fees are awarded on appeal.

Chief Judge LANSING and Judge GRATTON, **CONCUR.**