739 P.2d 433

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jerome THOMAS, Defendant-Appellant.**

**No. 16416.**

Court of Appeals of Idaho.

June 24, 1987.

Keith A. Zollinger, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen.; Myrna A.I. Stahman, Deputy Atty. Gen.; Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from the district court's denial of Jerome Thomas' motion to reduce his three-year indeterminate sentence for first degree burglary. Thomas asserts the district court abused its discretion: (1) by denying the motion, and (2) by not stating the reasons for the denial. We affirm.

The record reveals the following facts. Thomas and two codefendants broke into a Pocatello jewelry store at night and removed over $91,000 worth of jewelry, causing extensive damage in the process. The three were arrested shortly after the burglary and most of the jewelry was recovered. Thomas pled guilty to first degree burglary and was sentenced to the custody of the Board of Correction for an indeterminate three-year period. Thirteen weeks later Thomas filed a motion under I.C.R. 35 to have his sentence reduced. At the conclusion of the hearing on the motion, the motion was denied by the court.

Thomas' arguments on appeal can be summarized as follows. He contends his prior criminal history suggests he can "stay out of trouble." Next, he argues his motion was denied before his counsel was permitted to address the motion on the merits. Finally, he avers that the district court erred by failing to state any reason for denying the motion. We will address each of these arguments in turn.

We review Rule 35 dispositions under well-established principles. A motion to reduce a legally imposed sentence is addressed to the sound discretion of the district court. *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976); *State v. Goldman*, 109 Idaho 1031, 712 P.2d 732 (Ct.App. 1985). Such a motion is essentially a plea for leniency which may be granted if a sentence originally imposed was, for any reason, unduly severe. *State v. Russell*, 109 Idaho 723, 710 P.2d 633 (Ct.App.1985). As we noted in *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984), the criteria

for evaluating a court's refusal to reduce the sentence are the same as those applied in determining whether the original sentence was excessive. *See State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). The *Toohill* criteria are well-known and need not be repeated here. The judge may consider facts presented at the original sentencing, as well as any new information concerning the defendant's rehabilitative progress while in confinement. *State v. Torres,* 107 Idaho 895, 693 P.2d 1097 (Ct. App.1984). On appeal, we will examine the record of the original sentencing proceeding together with information subsequently presented in support of the Rule 35 motion. *State v. Araiza,* 109 Idaho 188, 706 P.2d 77 (Ct.App.1985).

Thomas could have been sentenced to a maximum of fifteen years for first degree burglary. I.C. § 18–1403. The three-year sentence was well within the maximum allowed by the statute. A sentence within the allowable maximum will not be disturbed unless a clear abuse of discretion is shown. *State v. Russell,* 109 Idaho at 724, 710 P.2d at 634. Abuse may appear if the sentence was unreasonable in light of the facts of the case. *State v. Toohill,* 103 Idaho at 568, 650 P.2d at 710.

■ As noted, Thomas and two codefendants broke into a jewelry store and took a substantial amount of merchandise. At the time of sentencing, Thomas was twenty-two years old. Although he had shown some academic potential, he did not finish high school. His work record was sporadic. He had no prior felony record, although there were prior misdemeanors and unresolved criminal charges pending in two other states. When arrested, Thomas did not cooperate with authorities. He initially lied about his identity and involvement in the crime. During his sentencing hearing, Thomas was asked by the court why he participated in the burglary. Thomas responded, "Well, I was kind of, me and myself, I was kind of down and out, man. I was like on a bad streak, you know, wasn't making it too good."

When the district judge imposed the three-year term, he indicated that the sentence was meant to be a deterrent to Thomas and to others who might consider committing such a crime. The judge noted he initially considered sentencing Thomas to five years, but then decided that a three-year sentence was enough time for Thomas to obtain whatever help he could during his confinement. In our view, the sentence was well within the judge's sound discretion.

Thomas presented little other evidence at the Rule 35 hearing. The district court had ordered a progress report from the Board of Correction. That report showed that Thomas was not a problem prisoner, but that he was "sliding by" without much attempt at availing himself of opportunities. For instance, although he had indicated at his sentencing a desire to obtain his G.E.D., the report indicates that Thomas did not try to make use of educational opportunities in the prison. The progress report stated, "His probation plan would be to live with his mother in Portland and work for his uncle, as he did before. He did say that his uncle 'paid pretty good' and therefore Mr. Thomas did not feel he needed to work all the time but preferred to go to the local gym and keep in shape." After reviewing the record we conclude that the district court did not abuse its discretion in denying Thomas' Rule 35 motion.

Thomas contends that the court gave inadequate consideration to his "demonstrated ability to remain free of entanglements with the criminal justice system for twenty-two years [which] certainly suggests that [he] has the ability to stay out of trouble." The list of prior offenses contained in Thomas' presentence report includes criminal trespass, possession of a controlled substance, first degree theft, giving false information to the police, living with and off the earnings of a prostitute, and theft. The progress report also refers to outstanding warrants on theft charges from Oregon and Utah. The dispositions of the charges included in the reports varied, but Thomas' record could hardly be said to represent a life "free from entanglements" with the law.

Thomas also asserts that the district court ruled on his motion without permitting his attorney to address the court on Thomas' behalf. This contention is totally contradicted by the record. The hearing transcript reveals that Thomas' attorney, the prosecutor, and the district judge discussed the Rule 35 motions filed on behalf of Thomas and one of his codefendants. In his colloquy with the court, Thomas' counsel generally addressed the pleas for leniency by both defendants. Indeed, there were specific comments made by Thomas' attorney about Thomas' original sentence not being unduly severe, about Thomas' lack of personal improvement while at the penitentiary, about his progress report, about his opportunity for employment if released, and about Thomas' lack of prior felony convictions. The court ruled on the motion only after Thomas' counsel and the prosecutor had completed their presentations. The record demonstrates that no limitation was imposed on Thomas' attorney's efforts to fully present the motion on Thomas' behalf.

Finally, Thomas argues that this case should be remanded with directions for the district court to state reasons why the motion was denied. We have suggested that whenever a trial judge makes a ruling involving adjudicative discretion the reasons for doing so should be stated to facilitate appellate review. *See Sheets v. Agro-West, Inc.*, 104 Idaho 880, 887, 664 P.2d 787, 794 (Ct.App.1983) (concurring opinion joined by all members of the Court). The same principle should apply to sentencing considerations in criminal cases. Nonetheless, the Idaho Supreme Court has ruled that a district court need not state its reasons for the imposition of a sentence. *State v. Nield*, 106 Idaho 665, 682 P.2d 618 (1984). Notwithstanding Thomas' arguments to the contrary, *Nield* is the law of this state. If stating reasons for sentencing is not mandatory, it can hardly be argued that stating the reasons for denying a reduction in the sentence is mandatory. Thus, we are constrained to hold that the district court did not err by failing to express the reasons for denying Thomas' Rule 35 motion.

The order of the district court denying the motion for reduction of sentence is affirmed.