798 P.2d 465

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Diego Sandoval LOPEZ, Defendant–Appellant.**

No. 18235.

Court of Appeals of Idaho.

Sept. 25, 1990.

Gara Louise Newman, Rupert, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

In this appeal we are asked to review the sentence imposed upon Diego Sandoval Lopez, who pled guilty to conspiracy to deliver a controlled substance, cocaine, I.C. §§ 37–2707, 37–2732(a)(1)(A), (f). Lopez appeals from the judgment of conviction, arguing that the sentence is excessive. For the reasons stated below, we affirm.

On February 23, 1989, a co-defendant of Mr. Lopez delivered eleven ounces of cocaine to an Idaho Department of Law Enforcement investigator in Burley, Idaho. Lopez, who admittedly used his automobile to drive the co-defendant from Arizona to Idaho for the purpose of selling cocaine and who was present when this transaction occurred, was originally charged with delivery of a controlled substance and conspiracy to deliver a controlled substance. Pursuant to a plea agreement, Lopez pled guilty to the conspiracy charge, the delivery charge was dismissed, and the state agreed to recommend a sentence of no more than five years in prison.

In accordance with the Unified Sentencing Act, I.C. § 19–2513, the sentencing judge imposed a five-year sentence with a minimum period of confinement of two and one-half years, the probable measure of confinement for purposes of reviewing the sentence. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). The maximum penalty for conspiracy to deliver cocaine is a sentence of life in prison, or a fine of $25,000.00, or both. I.C. §§ 37–2707, 37–2732(a)(1)(A), (f).

Initially, we reiterate our standard of review for sentencing cases. A sentence within the *statutory limits* will not be disturbed on appeal absent a clear abuse of discretion by the sentencing court. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence may represent an abuse of discretion if it is shown to be unreasonable in light of the facts presented in a particular case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). In

ascertaining whether the length of confinement is reasonable, we apply the substantive criteria set forth in *State v. Toohill*, *supra*. The sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. *Id.* The reasonableness of the sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Lopez argues that the sentencing judge improperly failed to consider all four of the sentencing goals listed above. The Idaho Supreme Court has held that it is not mandatory for the sentencing court to set forth reasons for the imposition of a particular sentence. *State v. Nield*, 106 Idaho 665, 666, 682 P.2d 618, 619 (1984); *State v. Osborn*, 104 Idaho 809, 810, 663 P.2d 1111, 1112 (1983). Accordingly, we have held that where the sentencing judge has set forth no reasons for the imposition of a particular sentence, we will draw our own impressions from the record and affirm what we infer to be a reasonable exercise of the lower court's discretion in pronouncing the sentence under review. *State v. Snapp*, 113 Idaho 350, 352, 743 P.2d 1003, 1005 (Ct.App.1987) (review denied). Here, however, the district judge recognized in his comments on sentencing at least three of the sentencing goals. The transcript of the sentencing hearing reflects that the district judge, after comparing the circumstances of this case to the circumstances of similar cases, noted that the defendant was the source of the cocaine, had provided the cocaine, and had brought the cocaine into Idaho. These acts, the district court observed, must be "dealt with accordingly." Additionally, the court commented on the need to protect society and to deter this defendant and others from committing such crimes. It thus appears that the district court judge considered the sentencing goals of protecting society, retribution, and deterrence.

At sentencing, the prosecuting attorney represented to the court that this was the largest seizure of a controlled substance

that had ever taken place in Minidoka County. The record also reflects that Lopez faced charges for drug and firearms violations in Arizona at the time of sentencing. These facts no doubt influenced the district court's sentencing decision.

In light of the fact that the sentencing judge expressly considered at least three of the sentencing goals and imposed a sentence well within the statutory maximum, we cannot say that the court abused its discretion.

The judgment of conviction and unified sentence of five years imposed for conspiracy to deliver a controlled substance, cocaine, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.