860 P.2d 674

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David Gerald CROSTON,
Defendant–Appellant.**

No. 20132.

Court of Appeals of Idaho.

July 2, 1993.

Petition for Review Denied Oct. 26, 1993.

Dan J. Rude, Coeur d'Alene, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

LANSING, Judge.

David Croston seeks review of the sentences imposed following his pleas of guilty to two misdemeanors, driving under the influence of alcohol and driving without a valid license. Croston appealed the sentences to the district court which affirmed.

We affirm the sentence on the DUI charge and remand for resentencing on the charge of driving without a license.

When Croston pled guilty to this DUI charge he had two prior DUI convictions within the preceding five years. Although he thus could arguably have been charged with a felony DUI under I.C. § 18–8005(5), the charge was presented only as a misdemeanor on a citation issued by the Idaho State Police, and no felony information was filed. As part of the same incident giving rise to the DUI charge, Croston also was cited for driving while his license was suspended, I.C. § 18–8001, and for failure to use a seat belt, I.C. § 49–673. Pursuant to a plea agreement a separate DUI charge was dismissed and the charge of driving with a suspended license was reduced to driving without a license in violation of I.C. § 49–301. Croston then pled guilty to driving without a license, the misdemeanor DUI, and the seat belt infraction. The magistrate imposed concurrent six-month jail sentences for the charges of DUI and driving without a license. He also ordered Croston to pay a $1,000 fine for the DUI. The sentences were affirmed by the district court. Croston appeals from the district court's decision, contending the jail sentences were unreasonably harsh.

■ On appeal from the district court's review of a magistrate's judgment, we review the magistrate's order independent of but with due regard for district court's decision. *State v. Van Sickle*, 120 Idaho 99, 813 P.2d 910 (Ct.App.1991).

■ Croston's appeal of the sentences requires that we assess whether the magistrate abused his sentencing discretion by imposing concurrent six-month jail terms for DUI and for driving without a license. Our task is to determine whether the sentences comport with the four objectives of sentencing: (1) the primary goal of protection of society, (2) deterrence of the offender and others, (3) rehabilitation, and (4) punishment or retribution for wrongdoing. *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1983).

■ To determine whether a court has abused its discretion in sentencing, we must conduct an independent review of the record, focusing upon both the nature of the offense and the character of the offender. *State v. Young*, 119 Idaho 510, 808 P.2d 429 (Ct.App.1991). The information in the record on which we can base such review in this case is minimal. The transcript of the sentencing hearing discloses that this was Croston's third DUI conviction within five years. Apart from that, the only discussion of his record was the prosecutor's comment that, "Mr. Croston is well known to the Court for many different things: child support, and his alcohol problem that has resulted in numerous DUI arrests, at least, and now a conviction." There are also references to an alcohol evaluation of Croston by one Dr. Dahlberg, but Dr. Dahlberg's report is not in the record before us.

■ At the sentencing hearing and at a subsequent hearing on Croston's motion to reduce the sentences, the magistrate did not explain the reasons for the sentences he imposed. Such lack of explanation of a sentence is not reversible error. Although we have often encouraged the trial courts to explain the rationale underlying their sentencing decisions, e.g. *State v. Snapp*, 113 Idaho 350, 352, 743 P.2d 1003, 1005 (Ct.App.1987) and *State v. Thomas*, 112 Idaho 1134, 1136, 739 P.2d 433, 435 (Ct. App.1987), it is well established that judges are not required to do so. *State v. Nield*, 106 Idaho 665, 682 P.2d 618 (1984). Where the sentencing judge has not presented a rationale for the particular sentence, we must draw our own impressions from the record, and we will affirm if we can infer from the record that the sentence was a reasonable exercise of the court's discretion. *State v. Lopez*, 118 Idaho 620, 798 P.2d 465 (Ct.App.1990).

■ We consider first the six-month sentence for DUI. In reviewing that sentence we begin by focusing on the nature of the offense. Driving under the influence of intoxicants is a serious offense. Although it is not a violent crime, driving while intox-

icated inherently creates a grave risk of injury to persons and property and raises very significant concerns for public safety. The human suffering inflicted by those who drive while intoxicated is no less severe, and perhaps more pervasive, than that caused by intentional acts of violence. Hence the nature of the DUI offense tends to support a substantial sentence.

■ In focusing next on the character of the offender, we find little detail in the record regarding Croston's background or criminal record, but we can glean that he had two prior DUI convictions, that another DUI charge had been dismissed, that at the time of his arrest he was driving while his license was suspended, and that Croston had a history of alcohol abuse. The magistrate could properly take into account Croston's prior DUI convictions in imposing sentence even though the prosecutor did not charge this DUI as a felony or request an enhanced penalty under I.C. § 18–8005.

In light of the need to protect society from such dangerous conduct as driving while intoxicated, the need to deter defendant Croston and others from DUI, and society's interest in both rehabilitating and punishing Croston, we find no abuse of the magistrate's discretion in sentencing Croston to six months confinement for the DUI conviction. That sentence is affirmed.

■ The six-month jail sentence for driving without a license presents a more difficult issue. While driving without a license is a misdemeanor subject to the same maximum incarceration[1] as a first conviction of DUI,—six months in jail (I.C. §§ 18–8005, 18–113, 49–331)—it is ordinarily a much less serious violation of the law than driving under the influence of intoxicants. Unlike DUI, driving without a license does not intrinsically place the offender or others at risk of injury or death. The nature of this offense is such that it would ordinarily warrant a lesser sentence than would a DUI offense in order to protect society and accomplish the objectives of deterrence, rehabilitation and retribution. If Croston's sentence for driving without a license was longer than necessary to accomplish those purposes, it was unreasonable. *State v. Toohill, supra.*

The magistrate here imposed the maximum incarceration authorized for driving without a license. The record does not reveal to us whether Croston had prior convictions or arrests for driving without a license or driving while his license was suspended, or whether there were other factors that led the sentencing magistrate to conclude that a lesser sentence would have been insufficient to meet the sentencing objectives with respect to this charge. As noted above, it was not reversible error for the magistrate to decline to state the reasons for the sentence imposed. However, the lack of such an explanation from the magistrate, coupled with the absence of information in the record from which we could infer whether the sentence is reasonable, makes it impossible for us to determine whether this sentence constitutes a permissible exercise of the magistrate's sentencing discretion. Although the slight disclosures in the hearing transcript about Croston's character and criminal record are sufficient to support an inference that the sentence for DUI was reasonable, it does not follow that the same information necessarily establishes the reasonableness of an identical sentence for a significantly less serious offense. The inadequacy of the record distinguishes this case from others where, although the trial court did not articulate its reasons for the sentence, this court was able to draw a conclusion on the reasonableness of the sentence from information before the court, e.g., *State v. Joslin,* 120 Idaho 462, 816 P.2d 1019 (Ct.App. 1991); *State v. Terris,* 106 Idaho 927, 684 P.2d 329 (Ct.App.1984).

Because the record before us does not enable us to draw an independent conclusion as to the reasonableness of a six-month sentence for driving without a li-

---

1. The maximum fines for these two offenses are not the same. A first conviction of DUI is subject to a fine of up to $1,000, I.C. § 18–8005, while the maximum fine for driving without a license is $300, I.C. § 18–113.

cense in light of the nature of the offense, Croston's character, and the objectives of sentencing, we vacate the sentence and remand for resentencing on that charge.

WALTERS, C.J., and SWANSTROM, J., concur.