IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2017 Term

_____

No. 15-0859

_____

FILED

**November 14, 2017**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA
Plaintiff Below, Respondent

v.

MARC A. KILMER
Defendant Below, Petitioner

_____

Appeal from the Circuit Court of Berkeley County
The Honorable John C. Yoder, Judge
Criminal Action No. 14-F-36

REVERSED AND REMANDED

_____

Submitted: September 13, 2017
Filed: November 14, 2017

Douglas F. Kobayashi, Esq.
KOBY LAW
Martinsburg, West Virginia
Counsel for the Petitioner

Kevin J. Watson, Esq.
Martinsburg, West Virginia
Counsel for the Petitioner

Catherine Wilkes-Delligatti, Esq.
Christopher C. Quasebarth, Esq.
Berkeley County Prosecuting Attorneys' Office
Martinsburg, West Virginia
Counsel for the Respondent

JUSTICE WALKER delivered the Opinion of the Court.

i

CHIEF JUSTICE LOUGHRY dissents and reserves the right to file a dissenting opinion.

SYLLABUS BY THE COURT

1.      "'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus point 1, in part, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997)."  Syllabus Point 1, *State v. Booth,* 224 W.Va. 307, 685 S.E.2d 701 (2009).

2.      "While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence."  Syllabus Point 4, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 528, 276 S.E.2d 205, 209 (1981).

3.      "The appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5, will be analyzed as follows: We give initial emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to the other underlying convictions. The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried

ii

the more serious penalties and therefore justify application of the recidivist statute." Syllabus Point 7, *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 31 (1981).

4.      The felony offense of driving while license revoked for DUI under West Virginia Code § 17B-4-3(c) is not an offense that involves actual or threatened violence to the person for purposes of invoking the recidivist statute, West Virginia Code § 61-11-18(c).

WALKER, Justice:

Marc A. Kilmer was sentenced to life in prison under the recidivist statute based upon a predicate felony conviction for unlawful assault and two prior felony convictions for driving while license revoked for driving under the influence (DUI). Mr. Kilmer argues on appeal that his life sentence violates the proportionality clause of Article III, Section 5 of the West Virginia Constitution because the two prior felony offenses do not involve actual or threatened violence. The State asserts that the violence of the predicate felony for unlawful assault satisfies the goals of the recidivist statute and that Mr. Kilmer's two prior felony convictions are factually similar to those in other cases in which we have upheld recidivist life sentences. We conclude that the felony offense of driving on a license revoked for DUI does not involve actual or threatened violence and reverse the circuit court's imposition of Mr. Kilmer's recidivist life sentence.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On February 19, 2014, a Berkeley County grand jury issued a seven-count indictment against Mr. Kilmer based on a violent incident during which he inflicted serious injuries upon his former girlfriend. The charges included two counts of malicious assault, two counts of domestic battery, two counts of burglary, and one count of sexual assault in the first degree. At trial, the jury found Mr. Kilmer guilty on two counts of unlawful assault (a lesser included offense under malicious assault), two counts of domestic battery, and one count of sexual assault in the second degree (a lesser included

1

offense under first degree sexual assault).  The jury acquitted Mr. Kilmer on the two counts of burglary.

Following trial, the State filed a recidivist information requesting a sentence of life in prison under West Virginia Code § 61-11-18(c) based on Mr. Kilmer's conviction on count one for unlawful assault and on his prior convictions in 2010 and 2012 of two unrelated felonies for third-offense driving while license revoked for DUI. At the subsequent hearing, Mr. Kilmer admitted the prior felony convictions under West Virginia Code § 17B-4-3(b).[1]

Before sentencing, Mr. Kilmer filed a motion opposing imposition of a life sentence on the grounds that it violated the proportionality clause in Article III, Section 5

_____

[1] The pertinent statute stated:

> Any person who drives a motor vehicle on any public highway of this state at a time when his or her privilege to do so has been lawfully revoked for driving under the influence of alcohol, . . . for the third or any subsequent offense, the person is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for not less than one year nor more than three years and, in addition to the mandatory prison sentence, shall be fined not less than $3,000 nor more than $5,000.

W.Va. Code § 17B-4-3(b)(2015).

of the West Virginia Constitution. The State responded that the life sentence satisfied the requirements of the recidivist statute. The circuit court denied Mr. Kilmer's motion and sentenced him to life in prison.[2] On appeal, Mr. Kilmer challenges this sentence and also asserts that the circuit court abused its discretion by denying his "Motion for Judgment of Acquittal and Vacating the Jury Verdict" on the grounds that the evidence was insufficient for the jury to have found guilt beyond a reasonable doubt.[3]

## II. STANDARD OF REVIEW

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus point 1, in part, *State v. Lucas,* 201 W.Va. 271, 496

---

[2] Sentences for the other convictions were time served for the two counts of domestic battery, one to five years for the second count of unlawful assault and ten to twenty-five years for sexual assault in the second degree. These sentences are not at issue on appeal.

[3] Based upon our review of the appendix record, we summarily conclude that the circuit court did not abuse its discretion in denying Petitioner's "Motion for Judgment of Acquittal and Vacating the Jury Verdict." Thus, we do not address it on the merits.

3

S.E.2d 221 (1997)."[4]    With this standard in mind, we consider the constitutional challenge raised in this case.

## III. DISCUSSION

The issue before us is whether Mr. Kilmer's recidivist life sentence[5] violates the proportionality clause of the West Virginia Constitution, which states in relevant part as follows:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offence.[6]

---

[4] Syl. Pt. 1, *State v. Booth,* 224 W.Va. 307, 685 S.E.2d 701 (2009).

[5] The circuit court imposed Mr. Kilmer's life sentence under West Virginia Code § 61-11-18(c) (2014), which provides:

> When it is determined, as provided in section nineteen of this article, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life.

[6] W. Va. Const. Art. III, § 5. Mr. Kilmer appears to assert concurrently a violation of the Eighth Amendment to the United State Constitution, but concedes that he "does not complete a deep analysis of the federal law on this point." He states that West Virginia's Constitution has a stricter standard than its federal counterpart. *See State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983). Based upon our analysis, we need not reach the federal constitutional issue – whether waived by Mr. Kilmer or not.

As we have explained, proportionality applies to all criminal sentences but is more germane to recidivist life sentences:

> While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence.[7]

While the constitutionality of the recidivist statute is well-established in our jurisprudence, we have "historically adopted a rather strict and narrow construction" based upon its harsh result.[8] We also consider the underlying purpose of the statute – "the imposition of increased confinement for the dangerous criminal who repeatedly commits serious crimes."[9] With this background in mind, we determine whether Mr. Kilmer's sentence offends constitutional limitations.

We consider the recidivist life sentence in this case according to the objective test of compliance with the proportionality clause. As we have explained:

> The appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5, will be analyzed as follows: We give initial

---

[7] Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981).

[8] *Id.* at 525, 276 S.E.2d at 207-08.

[9] *Id.* at 533, 276 S.E.2d at 211.

5

emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to the other underlying convictions. *The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person* since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the recidivist statute.[10]

In *State v. Beck*, we applied this test and affirmed a recidivist life sentence based upon a predicate felony conviction for first degree sexual assault of the defendant's ten-year-old stepdaughter.[11] The underlying felony convictions were for unlawful assault and for interstate transportation of a stolen vehicle.[12] In *Beck*, we noted that the violent nature of the felony convictions at issue in that case were distinguishable from those we considered in *Wanstreet v. Bordenkircher*,[13] a case decided four months prior to *Beck.*

In *Wanstreet,* we considered a challenge to a recidivist life sentence imposed based on the predicate felony of forgery of a $43.00 check.[14] The two prior

---

[10] Syl. Pt. 7, *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 234 (1981) (emphasis added).

[11] *Id.* at 832, 286 S.E.2d at 237.

[12] *Id.* at 846, 286 S.E.2d at 244.

[13] 166 W.Va. 523, 276 S.E.2d 205.

[14] *Id.* at 525, 276 S.E.2d at 207.

felony convictions analyzed in that case were forgery of an $18.62 check and arson of a barn.[15] We concluded that the recidivist life sentence violated proportionality based on the nonviolent nature of the predicate felony of forgery and "the similar nature of the two previous crimes" of forgery and arson of a barn.[16] In *Wanstreet*, we emphasized that ignoring the gravity of the underlying offenses in the context of an analysis of the proportionality clause "would ignore the rationality of our criminal justice system where penalties are set according to the severity of the offense."[17]

The State urges us to affirm Mr. Kilmer's recidivist life sentence because the predicate felony conviction for unlawful assault establishes that he is violent – an issue not before us in *Wanstreet* or *Beck*. However, the State's assertion that the violence of the triggering felony alone justifies the imposition of the recidivist life sentence in this case is inconsistent with our decision in *State v. Miller*.[18] In *Miller*, we reversed a

---

[15] *Id.* at 535, 276 S.E.2d at 213. While the *Wanstreet* court noted in its factual discussion that the defendant had also served three years in the penitentiary for driving a motor vehicle without a license – technically a third underlying felony – the Court's analysis of the prior felony offenses omitted any discussion of the driving without a license offense. *Id.* at 525, 535, 276 S.E.2d at 207, 211.

[16] *Id.* at 537-38, 276 S.E.2d at 214.

[17] *Id.*

[18] 184 W.Va. 462, 400 S.E.2d 897 (1990).

(continued . . .)

7

recidivist life sentence in spite of the violent predicate felony conviction of unlawful assault (defendant shot the victim in the hand and the stomach).[19]  The prior felony convictions in *Miller* were breaking and entering, forgery and uttering, and false pretenses.[20]  As we explained:

> . . . we generally require that the nature of the prior felonies be closely examined.  While not exclusive, the propensity for violence is an important factor to be considered before applying the recidivist statute.  In the case now before us, we recognize that although the appellant's 1986 unlawful assault conviction was for a violent felony, none of his three underlying felonies actually involved violence.[21]

---

The State argues that Mr. Kilmer was convicted of three felonies involving the incident at issue here.  *Miller*, the State points out, involved a conviction on one count of unlawful assault.  But the recidivist statute limits the inquiry to the predicate felony and the two prior felony convictions.  Mr. Kilmer will serve the sentences related to the crimes for which he was convicted, which is in keeping with the constitutional principle of proportionality between the penalty and the offense established in Article III, Section 5.

[19] *Id.* at 465, 400 S.E.2d at 900.

[20] *Id.* at 463, 400 S.E.2d at 898.

[21] *Id.* at 465, 400 S.E.2d at 900.

Our holding in *Miller* establishes that even if, as in this case, the predicate felony conviction involves violence, but none of the prior felony convictions involve actual or threatened violence, imposing a recidivist life sentence violates proportionality.[22]

The State also argues that *Miller* is inapplicable to this case because the prior felonies in that case occurred over the course of two decades. In contrast, Mr. Kilmer was released from prison just months before he unlawfully assaulted his former girlfriend. By this assertion, the State suggests that the length of time between the predicate offense and the two prior felony convictions is a factor in the application of the recidivist statute. We find that the holding of this case does not turn on the length of time between the two prior felony offenses and the predicate felony conviction. The material question is whether the two prior felony convictions involve actual or threatened violence. Thus, the State's timing argument is irrelevant.

Finally, the State argues that Mr. Kilmer's prior felony convictions for third-offense driving while license for revoked for DUI involve actual or threatened violence based upon a comparison with our decision in *State ex rel. Appleby v. Recht.*[23]

---

[22] *Id.*

[23] 213 W.Va. 503, 583 S.E.2d 800 (2002).

In *Appleby*, we considered whether a recidivist life sentence violates proportionality principles when based on a predicate felony of third-offense DUI and on three prior convictions for the same felony offense.[24] We concluded unequivocally that the DUI convictions involved actual or threatened violence and explained:

> Mr. Appleby's record includes an astounding *four* third-offense driving under the influence felony convictions (and a grand total of *eight* acts of driving under the influence), and one unlawful assault conviction. We have little trouble in finding that driving under the influence is a crime of violence supporting imposition of a recidivist sentence.[25]

We concluded that the potential or threat of violence is always present in the case of DUI because "'. . . driving while intoxicated inherently creates a grave risk of injury to persons and property and raises very significant concerns for public safety.'"[26]

In contrast, we find that no such element of danger is inherently part of a conviction for driving while license revoked for DUI. The State cites no authority to support the notion that simply driving a vehicle on a revoked license, whether revoked as a result of a DUI or otherwise, is violent or renders the offender a risk to the public.

---

[24] *Appleby*, 213 W.Va. at 507-08, 583 S.E.2d at 804-05.

[25] *Id.* at 516, 583 S.E.2d at 813 (emphasis in original) (footnote omitted).

[26] *Id.* at 517, 583 S.E.2d at 814 (quoting, in part, *State v. Croston*, 860 P.2d 674, 675-76 (Idaho Ct. App. 1993)) (footnote omitted).

Further, the State fails to offer any proof that these convictions have predisposed Mr. Kilmer or any other criminal defendant in a factually similar situation to a lifetime of violence. Thus, we decline to extend the holding of *Appleby* to the present case. We hold that the felony offense of driving while license revoked for DUI under West Virginia Code § 17B-4-3(c) is not an offense that involves actual or threatened violence to the person for purposes of invoking the recidivist statute, West Virginia Code § 61-11-18(c). The recidivist life sentence imposed on Mr. Kilmer based upon the predicate felony conviction for unlawful assault, together with two prior non-violent felony convictions, violates the proportionality principle in Article III, Section 5, of the West Virginia Constitution.

## IV. CONCLUSION

The sentence of life in prison imposed by the circuit court order is reversed and the case is remanded for resentencing on count one, unlawful assault.

REVERSED AND REMANDED.

11