# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John Howard Williams,**
**Petitioner Below, Petitioner**

**vs) No. 18-0953** (Wayne County CC-50-2018-C-72)

**J.T. Binion, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**December 20, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John Howard Williams, pro se, appeals the August 3, 2018, order of the Circuit Court of Wayne County dismissing his second petition for a writ of habeas corpus. Respondent J.T. Binion, Superintendent, Huttonsville Correctional Center,[1] by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2005, petitioner pled no contest to one count of nighttime burglary and pled guilty to a recidivist information filed by the State pursuant to the West Virginia Habitual Criminal Statute ("recidivist statute"), West Virginia Code §§ 61-11-18 through -19. Petitioner's nighttime burglary conviction resulted from a plea agreement. Pursuant to the plea agreement, the State dismissed the four other counts of an indictment alleging that petitioner broke into multiple homes for the purpose of stealing firearms and other items. Petitioner's prior felony convictions were for first-degree sexual assault in 1985 and daytime burglary in 2001.

---

[1]Since the filing of the appeal in this case, the superintendent at Huttonsville Correctional Center has changed and the superintendent is now J.T. Binion. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W. Va. Code § 15A-5-3.

Petitioner entered his pleas on October 3, 2005. Thereafter, petitioner informed the circuit court that he wished to be sentenced the same day. The circuit court sentenced petitioner to one to fifteen years of incarceration for the burglary conviction and a life term of incarceration with the possibility of parole for the recidivist conviction. At the sentencing hearing, the circuit court stated: "Actually you don't serve the sentence on the burglary, just the life [term]." After the sentencing hearing, two commitment orders were erroneously entered, one for the burglary sentence and one for the life recidivist sentence.

On December 28, 2006, petitioner filed a petition for a writ of habeas corpus in the circuit court. Subsequently, the circuit court appointed habeas counsel for petitioner and held an omnibus habeas corpus hearing on November 10, 2010. At the omnibus hearing, petitioner argued two grounds for relief: (1) the circuit court lacked jurisdiction to sentence petitioner to a life term of incarceration pursuant to the recidivist statute; and (2) the circuit court failed to duly caution petitioner regarding the life recidivist sentence prior to its imposition. Thereafter, the circuit court reviewed the *Losh* checklist with petitioner and habeas counsel, and petitioner waived all other grounds for relief.[2]

By order entered on February 9, 2011, the circuit court rejected petitioner's grounds for relief and upheld the validity of his life recidivist sentence. The circuit court further found that the erroneous entry of the commitment order for the burglary sentence was harmless and vacated that order, so the life recidivist sentence could remain in effect.[3] Petitioner appealed the February 9, 2011, order in *Williams v. McBride*, No. 11-0429, 2012 WL 3079257 (W. Va. Mar. 30, 2012) (memorandum decision), in which this Court affirmed the denial of the habeas petition.[4]

Petitioner filed a second habeas petition on May 2, 2018. Petitioner again challenged the validity of his life recidivist sentence, raising the following grounds: (1) a "newly discovered" decision in which this Court found a life recidivist sentence unconstitutionally disproportionate; and (2) ineffective assistance of habeas counsel in failing to raise earlier decisions in which a life recidivist sentence was reversed. By order entered on August 3, 2018, the circuit court found that this Court's decision in *State v. Kilmer*, 240 W. Va. 185, 808 S.E.2d 867 (2017), was distinguishable from petitioner's case and that the other decisions petitioner argued should have been raised in the prior habeas proceeding were also inapposite. Accordingly, the circuit court dismissed the second habeas petition in an order entered on August 3, 2018. Petitioner now appeals that order.

In Syllabus Point 1 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016), we held:

---

[2]In *Losh v. McKenzie*, 166 W. Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981), we compiled a nonexclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding.

[3]The circuit court noted in its February 9, 2011, order that the commitment order for the burglary sentence was vacated by separate order entered on December 21, 2010.

[4]We take judicial notice of the record in *Williams*.

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

In Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we held:

A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

On appeal, petitioner argues that he is raising newly discovered evidence rather than a favorable change in the law. Respondent counters that petitioner is arguing the latter exception to the application of the doctrine of res judicata. Given petitioner's reliance on *Kilmer*, we agree with respondent that petitioner is arguing a favorable change in the law. We further concur with the circuit court's determination that *Kilmer* does not constitute a change of law favorable to petitioner (assuming, arguendo, that we would retroactively apply *Kilmer*). In Syllabus Point 4 of *Kilmer*, we held that "[t]he felony offense of driving while license revoked for [driving under the influence] . . . is not an offense that involves actual or threatened violence to the person for purposes of invoking the recidivist statute, West Virginia Code § 61-11-18(c)." 240 W. Va. at 186, 808 S.E.2d at 868. Here, we find that petitioner's case is distinguishable from *Kilmer* given that the recidivist statute was invoked following petitioner's nighttime burglary conviction.

Petitioner argues that habeas counsel provided ineffective assistance. In Syllabus Point 5 of *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), we held:

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Here, petitioner argues habeas counsel should have raised *State v. Miller*, 184 W. Va. 462, 400 S.E.2d 897 (1990), and *State ex rel. Boso v. Hedrick*, 182 W. Va. 701, 391 S.E.2d 614 (1990), in the prior proceeding. However, we find that petitioner's reliance on those cases is misplaced. In *Miller*, we reversed a life recidivist sentence, finding that the felony convictions in that case "were

3

all of a non-violent nature."[5] 184 W. Va. at 465, 400 S.E.2d at 900. In *Boso*, we reversed a life recidivist sentence where there was "nothing in the record to indicate that any weapons were used in these crimes or that there was a threat of violence to any person." 182 W. Va. at 709, 391 S.E.2d at 622. We find that petitioner's case is distinguishable from *Miller* and *Boso* given that petitioner's convictions include daytime burglary, nighttime burglary, and first-degree sexual assault. *See State v. Housden*, 184 W. Va. 171, 174, 399 S.E.2d 882, 885 (1990) (finding that a burglary of a home when "the victim was not present . . . did not render the crime one which could be classified as nonviolent in nature");[6] *State v. Beck*, 167 W. Va. 830, 847, 286 S.E.2d 234, 244 (1981) (finding that first-degree sexual assault constitutes a crime of "actual and threatened violence to the person"). Therefore, we further find that habeas counsel was not deficient in failing to raise *Miller* and *Boso* and that the failure to argue those cases did not affect the outcome of the prior proceeding. Accordingly, we conclude that the circuit court did not abuse its discretion is dismissing petitioner's second habeas petition.

For the foregoing reasons, we affirm the circuit court's August 3, 2018, order dismissing petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: December 20, 2019
**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[5]In Syllabus Point 3 of *Kilmer*, we held:

> "The appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5 [of the West Virginia Constitution], will be analyzed as follows: We give initial emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to the other underlying convictions. *The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the recidivist statute.*" Syllabus Point 7, *State v. Beck*, 167 W. Va. 830, 831, 286 S.E.2d 234 (1981).

240 W. Va. at 186, 808 S.E.2d at 868 (Emphasis added).

[6]The burglary at issue in *Housden* occurred in the daytime. *Id.* at 174 n.4, 399 S.E.2d at 885 n.4.

4