# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0575** (Jefferson County 18-F-24)

**Olin Matice Gaskins,**
**Defendant Below, Petitioner**

**FILED**
**June 25, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Olin Matice Gaskins, by counsel Matthew T. Yanni, appeals the May 30, 2018, order of the Circuit Court of Jefferson County sentencing him to a recidivist life term of incarceration. The State of West Virginia, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in sentencing him to a recidivist life sentence as the sentence is disproportionate to the crime of possession of a firearm by a prohibited person.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2018, petitioner was indicted on one count of possession of a firearm by a prohibited person. Trial began in March of 2018. The State of West Virginia called Patrolman Charles Ellis of the Ranson Police Department who testified that he initially stopped a vehicle due to an expired motor vehicle inspection sticker and found petitioner as a passenger in that vehicle. During the traffic stop, the driver consented to a search of the vehicle. Patrolman Ellis testified that petitioner exited the vehicle and began "swinging his arms around" in a manner that Patrolman Ellis described as "very nervous." Petitioner consented to a search of his person, but Patrolman Ellis discovered nothing illegal. As Patrolman Ellis began to search the vehicle, he observed petitioner move toward the passenger side of the vehicle and request to retrieve his backpack from the backseat. Patrolman Ellis testified that, for his safety, he informed petitioner that he could not retrieve the backpack. Patrolman Ellis began questioning petitioner about the backpack and informed him that if he had "a Suboxone strip or a little bit of marijuana" then he would issue petitioner a citation and allow him to "go on [his] way." Petitioner then admitted that the backpack contained a Suboxone strip. Patrolman Ellis retrieved the backpack and found "a few small plastic

1

baggies labeled 420," "a bowl commonly used for the smoking of marijuana," and "a Smith [and] Wesson handgun wrapped in a waistband holster" along with .380 caliber ammunition. Patrolman Ellis testified that an assisting officer placed petitioner in handcuffs for their safety while Patrolman Ellis acquired petitioner's criminal history. Patrolman Ellis later arrested petitioner for being a prohibited person in possession of a firearm after learning of his prior felony conviction in 1997 for delivery of a controlled substance. The State also presented evidence that the handgun was operative and "capable of firing a loaded cartridge." Ultimately, the jury convicted petitioner of one felony count of possession of a firearm by a prohibited person.

Later in March of 2018, the State filed a recidivist information alleging that petitioner was convicted of two prior felony counts of delivery of a controlled substance, in 1997 and 2002. Further, the State alleged that petitioner's second delivery of a controlled substance was within one-thousand feet of an elementary school. The State requested that the circuit court sentence petitioner to life imprisonment pursuant to West Virginia Code § 61-11-18(c).[1]

The circuit court arraigned petitioner on the recidivist information in April of 2018. Petitioner waived his right to a jury trial and admitted to the allegations in the information. The circuit court ordered the parties to provide written argument as to whether petitioner's prior convictions qualified as crimes of violence for the purposes of determining whether the imposition of a recidivist life sentence would violate constitutional proportionality principles.

In May of 2018, the circuit court held petitioner's sentencing hearing, heard argument related to sentencing, and heard petitioner's allocution. In accordance with this Court's holding in *Redman v. Ballard*, No. 14-0894, 2014 WL 5125826 (W. Va. Aug. 31, 2015)(memorandum decision), the circuit court found that petitioner's conviction of possession of a firearm by a prohibited person was a crime of "anticipated violence" and a valid and sufficient conviction to support a recidivist life sentence. The circuit court further found that petitioner's prior convictions for delivery of cocaine were crimes of violence, as illustrated by this Court's holding in *State ex rel. Daye v. McBride*, 222 W. Va. 17, 658 S.E.2d 547 (2007) and footnote 14 of *State v. Harris*, 226 W. Va. 471, 702 S.E.2d 603 (2010). The circuit court considered this Court's recent decision that driving under the influence was a crime of violence for recidivist life sentence purposes because it "inherently creates a grave risk of injury to person and property and raises very significant concerns for public safety." *State v. Kilmer*, 240 W. Va. 185, 189, 808 S.E.2d 867, 871 (2017) (quoting *State ex rel. Appleby v. Recht*, 213 W. Va. 503, 583 S.E.2d 800 (2002)). The circuit court reasoned that "the threat of violence was always present during drug deals and during times when convicted felons chose to arm themselves in direct violation of the law." Therefore, similar to driving under the influence, the court found that felons in possession of firearms and delivery of controlled substances near schools also created a risk of injury to persons and property and raised very significant concerns for public safety. By its May 30, 2018, order, the circuit court sentenced petitioner to a life term of incarceration with the possibility of parole after fifteen years pursuant to West Virginia Code § 61-11-18(c). Petitioner now appeals this order.

---

[1]West Virginia Code § 61-11-18(c) provides that "[w]hen it is determined . . . that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life."

We have previously held that

> "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus point 1, in part, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syllabus Point 1, *State v. Booth,* 224 W.Va. 307, 685 S.E.2d 701 (2009).

Syl. Pt. 1, *State v. Kilmer*, 240 W. Va. 185, 808 S.E.2d 867 (2017). Petitioner asserts that his recidivist life sentence violates the proportionality principle of the West Virginia Constitution:

> "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syllabus Point 8, *State v. Vance*, [164 W. Va. 216], 262 S.E.2d 423 (1980).

Syl. Pt. 3, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Further, "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." *Id.* at 523, 276 S.E.2d at 207, syl. pt. 4.

In determining the constitutionality of a recidivist life sentence, we have set forth the following framework:

> "The appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5, will be analyzed as follows: We give initial emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to the other underlying convictions. The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the recidivist statute." Syllabus Point 7, *State v. Beck*, 167 W.Va. 830, 831, 286 S.E.2d 234 (1981).

*Kilmer*, 240 W. Va. at 186, 808 S.E.2d at 868, syl. pt. 3. We most recently held that

> [f]or purposes of a life recidivist conviction under West Virginia Code § 61-11-18(c), two of the three felony convictions considered must have involved either (1) actual violence, (2) a threat of violence, or (3) substantial impact upon the victim such that harm results. If this threshold is not met, a life recidivist conviction is an unconstitutionally disproportionate punishment under Article III, Section 5 of the West Virginia Constitution.

Syl. Pt. 12, *State v. Hoyle*, 242 W. Va. 599, 836 S.E.2d 817 (2019).

Petitioner challenges the circuit court's finding that the "triggering" crime, possession of a firearm by a prohibited person, was a crime of "anticipated violence" and cites to this Court's holding in *State v. Wilson*, No. 11-0432, 2012 WL 3031065 (W. Va. March 12, 2012)(memorandum decision) in support. In *Wilson*, a defendant was convicted of conspiracy in relation to a drug charge and had two prior felonies, which included grand larceny and possession of a firearm by a prohibited person. *Id*. at \*2. Specifically, we noted that the defendant's possession of a firearm charge "did not allege the possession of the firearm for any nefarious purpose." *Id*. On appeal, the State conceded that none of the three felonies involved any actual or threatened violence, and we reversed and remanded for resentencing. *Id.* Although petitioner acknowledges this Court's holding in *Redman* that a conviction for possession of a firearm by a prohibited person does qualify as a crime of actual or threatened violence when determining whether a recidivist life sentence is proportionate, he argues that his triggering crime is possession of a firearm by a prohibited person, rather than one of his predicate felonies as in *Redman*. However, we find that this distinction yields the same result.

Petitioner's recidivist life sentence is proportionate because his triggering crime involved a threat of violence and his prior convictions involved substantial impact upon their victims such that harm results. First, giving emphasis to the "triggering" crime, the facts surrounding petitioner's possession of a firearm by a prohibited person implies the firearm was to be used for a nefarious purpose, which is contrary to the factual findings of *Wilson*. Petitioner's firearm was found in a backpack and wrapped in a "waistband holster," which indicates the firearm could be easily concealed and carried on petitioner's person. Likewise, the firearm was found along with drug paraphernalia, plastic bags, and ammunition, which are all common to the drug trade. Further, as we held in *Redman*, possession of a firearm by a prohibited person is certainly a crime that involves a threat of violence. Second, petitioner's prior convictions of delivery of a controlled substance, specifically cocaine, has a substantial impact on the victim of the crime. *See State v. Norwood*, 242 W. Va. 149, 832 S.E.2d 75 (2019) (holding that, due to heroin's often fatal nature to its users, heroin trafficking was a crime of violence for a recidivist life sentence proportionality analysis). Accordingly, we find that petitioner's triggering crime and his prior convictions are sufficient for the application of the recidivist life sentence pursuant to West Virginia Code § 61-11-18(c).

For the foregoing reasons, the circuit court's May 30, 2018, order sentencing petitioner to a recidivist life sentence is hereby affirmed.

Affirmed.

**ISSUED**: June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4