**FILED**

**August 31, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0543** (Berkeley County CC-02-2020-F-117)

**Richard Lee Taylor,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Richard Lee Taylor, by counsel Dylan K. Batten, appeals the Circuit Court of Berkeley County's June 14, 2021, order sentencing him to a term of incarceration of fifty years following his plea of no contest to one count of first-degree robbery.[1] Respondent State of West Virginia, by counsel Patrick Morrisey and William E. Longwell, filed a response in support of the circuit court's order. On appeal, petitioner alleges that his sentence is unconstitutional.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2020, petitioner entered a bar in Inwood, West Virginia, and engaged in a physical altercation with the bartender before producing a firearm and demanding money. The bartender gave petitioner $578 from the register, after which petitioner fled the scene.

Following his indictment for one count of first-degree robbery, petitioner pled no contest to the lone count in the indictment in April of 2021. Pursuant to a plea agreement with the State, petitioner's potential term of incarceration was capped at fifty years, although the State agreed to recommend a lesser sentence. As additional terms of the plea agreement, other criminal charges against petitioner were dismissed with prejudice and the State did not seek a sentencing enhancement under the recidivist statute.

---

[1]Petitioner's counsel filed the appellate brief in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure.

1

At a sentencing hearing in June of 2021, the court considered petitioner's presentence investigation report, which detailed an extensive history of criminal conduct including seventy-one misdemeanor and three felony convictions. The report also reflected petitioner's pervasive abuse of illegal drugs and alcohol. During the sentencing hearing, the court heard from petitioner, who failed to take full responsibility for his conduct by blaming the crime on his substance abuse. The victim also addressed the court, detailed the lasting impact petitioner's conduct had on her and requested that he receive the maximum sentence allowable. Ultimately, the court sentenced petitioner to a term of incarceration of fifty years. It is from the sentencing order that petitioner appeals.

We have previously held as follows:

> "'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus point 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syllabus Point 1, *State v. Booth*, 224 W.Va. 307, 685 S.E.2d 701 (2009).

Syl. Pt. 1, *State v. Kilmer*, 240 W. Va. 185, 808 S.E.2d 867 (2017). Further, regarding proportionality, we have explained that "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Because West Virginia Code § 61-2-12(a)(1) sets forth no maximum term for first-degree robbery, we turn to petitioner's argument on appeal.

According to petitioner, his sentence is excessive and "possibly disproportionate" because he will not be parole eligible until after he is sixty years old. Essentially, petitioner's only argument on appeal is that his advanced age renders his sentence unconstitutional. This argument, however, cannot entitle petitioner to relief, given that it does not in any way address this Court's prior pronouncements for determining whether a sentence is so disproportionate that it violates our constitutional provisions.

As we have explained,

> [p]unishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.

Syl. Pt. 5, *State v. Cooper*, 172 W. Va. 266, 304 S.E.2d 851 (1983). Further, the Court explained that there are two tests for determining if a sentence is disproportionate.

> The first [test] is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it

cannot pass a societal and judicial sense of justice, the inquiry need not proceed further. When it cannot be said that a sentence shocks the conscience, a disproportionality challenge is guided by the objective test we spelled out in Syllabus Point 5 of *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981):

> In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

*Cooper*, 172 W. Va. at 272, 304 S.E.2d at 857. Importantly, petitioner does not allege that his sentence shocks the conscience, and we conclude that it does not. Further, the list of considerations set forth in *Wanstreet* does not include the offender's age, which is the sole basis for petitioner's argument on appeal. Because petitioner has failed to undertake an analysis of *any* of the relevant factors established by this Court for determining whether a sentence is unconstitutional, we find that he cannot be entitled to relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 14, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

3